Elizabeth EVANS, Individually and on behalf of all others similarly situated, et al., Plaintiffs,

v.

CENTRAL PIEDMONT COMMUNITY COLLEGE, Richard Hagemeyer, Individually and as President of Central Piedmont Community College, and Melvin Gay, Individually and as Vice President of Student Services of Central Piedmont Community College, Defendants.

Joyce Y. MASSEY, Individually and on behalf of all others similarly situated, Plaintiff,

v.

CENTRAL PIEDMONT COMMUNITY COLLEGE, Defendant.

Nos. C-C-76-169, C-C-76-327.

United States District Court, W. D. North Carolina, Charlotte Division.

Aug. 20, 1979.

---

Shelley Blum and Michael A. Sheely, Blum & Sheely, Charlotte, N. C., for plaintiffs.

William L. Auten, Blakeney, Alexander & Machen, Charlotte, N. C., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

McMILLAN, District Judge.

These cases were tried without a jury beginning February 20, 1979. The court heard the evidence and argument of counsel, and examined and considered the exhibits tendered by the parties, and now makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On May 28, 1976, plaintiff Elizabeth Evans, individually and on behalf of others similarly situated, filed an action (C–C–76–169) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereafter sometimes referred to as "the Act"), seeking relief for alleged violations of § 704 of the Act, 42 U.S.C. § 2000e–3(a).

2. Upon motion of plaintiff Evans, Alena M. Stevenson and Jayne C. Eddens were added as named plaintiffs by order of this court dated November 29, 1976.

3. On November 26, 1976, Joyce Y. Massey, individually and on behalf of others similarly situated, filed a suit against Central Piedmont Community College (C–C–76–327), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Upon the motion of defendants, the two cases, C–C–76–169 and C–C–76–327, were consolidated for trial by order of this court dated February 17, 1977.

4. Plaintiff Massey sought to maintain her case as a class action and represent a class consisting of "qualified blacks who have been or may be subjected to discrimination by Defendant in the exercise of its employment practices based on race." At a hearing on June 22, 1978, plaintiff Massey acknowledged that she could not satisfy the requisites for maintenance of a class action. Her request for certification of a class was denied by order of this court on July 18, 1978, without prejudice to the rights of potential class members alleged in the complaint.

5. The court entered an order on July 19, 1978, conditionally certifying a class consisting of "all qualified women who have held or have applied for non-academic jobs at Central Piedmont Community College since August 13, 1975, and who have been or may be subjected to discrimination by defendants on account of sex." A notice to class members, approved by the court, was mailed to known class members and published in a local newspaper.

6. Defendant Central Piedmont Community College (CPCC) is an educational institution operating pursuant to Chapter 115A of the General Statutes of North Carolina. CPCC has its principal offices in Charlotte, North Carolina, and is an employer within the meaning of Title VII.

7. Defendant Richard Hagemeyer is President of CPCC, and defendant Melvin Gay is Vice President of Student Services. Plaintiffs have not made a showing which would subject these defendants to individual liability. Therefore the claims against them will be dismissed.

### THE NAMED PLAINTIFFS

8. The named plaintiffs have complied with the administrative requirement of Title VII.

9. Plaintiff Elizabeth Evans is a black woman, and a resident of Charlotte, North Carolina. She has been in charge if the Admissions Office at CPCC since 1969, supervising the work of up to twelve part-time or work-study students. Evans was classified and paid as a clerical employee. The work in the Admissions Office is primarily clerical—starting files for entering

students, filing test scores and other student records, scheduling placement tests, and some limited counseling of students. In the course of supervising the employees in the Admissions Office, Evans set their work hours, assigned duties, interviewed applicants, and made recommendations for hiring, transfer, discharge, and discipline of her employees.

10. Plaintiff Evans represented CPCC at various workshops and seminars around the state, and at local high schools. At various times Evans was referred to as "Admissions Officer" with the knowledge and consent of college officials.

11. Plaintiff Evans filed a charge with the Equal Employment Opportunity Commission (EEOC) on February 10, 1976, alleging that CPCC failed to promote her or pay her commensurate with her responsibilities because of her race and sex. Within a few weeks thereafter, Evans' job was essentially taken away. Her pay remained the same, but the work her office had previously done was shifted to another group of people. The Admissions Office worked closely with the counselors at CPCC. When the head of counseling proposed that the work be shifted back to Evans, Dr. Gay, who was responsible for the shift, refused, saying that the matter should be held up pending the outcome of Evans' suit against them. These actions by CPCC, shifting Evans' work to another area, were in retaliation for her filing a charge with the EEOC.

12. The defendant CPCC discriminated against Evans, on the basis of her sex, by not promoting her or paying her commensurate with her responsibilities in the Admissions Office, and by taking her job away in retaliation for filing a charge with the EEOC.

13. Plaintiff Alena Stevenson is a white woman. She worked at CPCC as an executive secretary beginning in 1972. In 1973, she was named Financial Aids Officer. The job title was later changed to Assistant Director, Student Financial Aid Office. While holding both jobs in the financial aid office, Stevenson was classified as a clerical employee, but performed duties which were discretionary, managerial and supervisory.

14. In 1974, Mrs. Stevenson refused to assume the title of Director of Financial Aid because she did not believe that she would be paid a salary commensurate with the job responsibilities. Mrs. Stevenson's beliefs were well founded. While classified as a clerical employee, she continually requested that her administrative and managerial responsibilities be removed from her job description, or that her job classification and salary be upgraded to an administrative position. At that time she preferred to remain a clerical employee. Although some minor changes were made in her job, CPCC refused her request for a salary or title change. In 1975, Mrs. Stevenson decided to apply for the then vacant job of Director of Financial Aid. CPCC hired a man from outside the school, contrary to a policy of promotion from within.

15. The defendant CPCC discriminated against plaintiff Alena Stevenson on the basis of her sex by not promoting her or paying her a salary commensurate with her job responsibilities.

16. Plaintiff Jayne Eddens is a white woman. She worked at CPCC in 1976 in the Registration Center as a clerical employee. Eddens was in charge of the Registration Center with supervisory responsibilities over numerous other employees. The job held by Eddens was essentially the same as that held by a man a few years earlier, although there were some changes made. The man had been paid a salary of an administrative employee. A woman who held the job in the interim between the man and Eddens was also paid the salary of an administrative employee after she protested. Before Eddens assumed the job, the title was changed and the pay lowered. The duties remained essentially unchanged.

17. The defendant CPCC discriminated against plaintiff Eddens on the basis of her sex by failing to pay her a salary commensurate with her job responsibilities.

18. Plaintiff Joyce Massey is a black woman. She worked part-time at CPCC during 1973 and 1974. After working for

another employer for a short time, Massey applied for another job at CPCC in December 1974, but was not rehired. Massey contends that the decision not to rehire her was based on her race.

19. The court finds that the decision not to rehire Massey was not discriminatory on the basis of her race or her sex, but was justified by her prior work record with the college. The defendant's motion for directed verdict on Massey's case should be allowed.

## CLASS MEMBERS WHO PRESENTED EVIDENCE AT THE TRIAL

20. Margaret Laing is a white woman. She started working at CPCC in 1970 as a secretary. In 1973 she became a part-time employee in the communications department as a script developer. While holding this job she had two different male assistants who were full-time employees. Full-time employees are entitled to fringe benefits worth up to 20% of the employee's salary. On several occasions Laing sought full-time status, but was refused each time.

21. In 1975, Laing became a script writer in the same department, earning $4.32 per hour. A man, Tom Wolpert, was hired later in the same job at $7.00 per hour. Laing sought equal pay with Wolpert, but was refused.

22. The defendant CPCC discriminated against Laing on the basis of her sex by failing to grant her full-time employee status and failing to pay her the same as the defendant paid men doing the same work.

23. Sylvia (Sunny) Guion is a white woman. She was employed at CPCC as a receptionist in the Communications Center in July 1976, at $418.00 per month. In January 1977, she was promoted to Lab Assistant II, but kept her receptionist responsibilities. Guion supervised the Telecourse Center, which offered instruction to students through videotaped lessons. Students enrolled in reading, mathematics, and English courses. While a faculty member was listed as the course teacher, Guion was the instructor for the courses. She was the teacher for all practical purposes. In addition to tutoring students, Guion filled out forms required by the State of North Carolina and, with the knowledge and consent of college officials, signed them as instructor for the courses.

24. Guion performed the duties of an instructor, but was paid the salary of a lab assistant. The defendant CPCC discriminated against Guion on the basis of her sex by failing to grant her the status of instructor with commensurate salary and benefits.

25. Class members Myra Dockery, Sally Young and Joanne Brown testified at the trial. The evidence presented at trial would not support a finding of discrimination against them. These class members who testified, along with other class members, may present their claims of discrimination before the special master to be appointed. See Sledge v. J. P. Stevens & Co., Inc., 585 F.2d 625 (4th Cir. 1978).

## THE CLASS

26. The court finds a final class that consists of females in non-academic employment who were denied promotion or advancement or other perquisites of employment on the basis of their sex beginning August 13, 1975.

27. The defendant CPCC has discriminated against the class through its policy of "process management," which in theory says that people can supervise the work product of other employees, without exercising supervision over the employees who actually do the work. In practice, defendant has placed women with clerical titles in jobs where they are required to supervise clerical employees (some full-time, others part-time or work-study students), and be responsible for the work product. These "clerical" employees make recommendations for hiring, transfer, promotion, and discipline of the employees in their departments, as well as exercise their judgment to train employees and direct their work activities.

28. The court finds that the defendant's policy of "process management" is a pattern and practice of discrimination against

women which has violated their rights under Title VII.

29. The court will appoint a special master to hear the back pay claims of the named plaintiffs and class members Margaret Laing and Sylvia Guion, as well as the claims of other class members, consistent with a separate order to be entered appointing the master.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of this action under §§ 706(f)(1) and 706(f)(3) of the Act, 42 U.S.C. §§ 2000e–5(f)(1) and 2000e–5(f)(3). This action is properly before the court under § 706(f)(3) of the Act, 42 U.S.C. § 2000e–5(f)(3). All procedural requirements of § 706(f)(1) of the Act have been met, 42 U.S.C. § 2000e–5(f)(1).

2. Defendant CPCC is a proper defendant within the meaning of the Act, 42 U.S.C. § 2000e. The plaintiffs have not shown that defendants Richard Hagemeyer and Melvin Gay are proper defendants, nor has a showing been made that would subject them to individual liability. Therefore, the case against them will be dismissed.

3. The court finds a final class should be certified that consists of females in non-academic employment who were denied promotion or advancement or other perquisites of employment on the basis of their sex beginning August 13, 1975.

4. The court finds as a matter of law, that defendant has discriminated against the class through its policy of "process management," which in theory says that people can supervise the work product of other employees, without exercising supervision over the employees who actually do the work. In practice, the defendant has placed women with clerical titles in jobs where they are required to supervise clerical employees (some full-time, others part-time or work-study students), and be responsible for the work product. These "clerical" employees make recommendations for hiring, transfer, promotion and discipline of the employees in their departments, as well as exercise their judgment to train employees and direct their work activities.

5. The court finds, as a matter of law, that the defendant's policy of "process management" is a pattern and practice of discrimination against women which has violated their rights under Title VII.

6. The court should appoint a special master to hear the back-pay claims of the named plaintiffs and class members Margaret Laing and Sylvia Guion, as well as the discrimination claims of other class members, consistent with a separate order to be entered appointing the master.

7. Class members Myra Dockery, Sally Young, and Joanne Brown presented evidence at trial which would not support a finding of discrimination against them. These class members who testified, along with other class members, may present their claims of discrimination before the special master to be appointed. *See Sledge v. J. P. Stevens & Co., Inc.,* 585 F.2d 625 (4th Cir. 1978).

8. Plaintiffs proved a *prima facie* case of discrimination against the class, and Elizabeth Evans, Alena Stevenson, Jayne Eddens, Margaret Laing, and Sylvia Guion. The defendant CPCC discriminated against them on the basis of their sex by refusing to promote them or pay them commensurate with their respective job responsibilities. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972).

9. Once plaintiffs established a *prima facie* case, the burden shifted to defendant to articulate some legitimate reason for its actions. Defendant CPCC has not met this burden. *McDonnell Douglas Corp. v. Green, supra; Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978). Plaintiffs are entitled to be made whole under § 706(g) of the Act, 42 U.S.C. § 2000e–5(g). *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

10. The evidence amply demonstrates a sustained pattern and practice of

discrimination against women in clerical positions at CPCC. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Therefore the defendant will be permanently enjoined under § 706(g) of the Act from further discrimination against women. 42 U.S.C. § 2000e–5(g).

■ 11. The court finds, as a matter of law, that the defendant's decision not to rehire plaintiff Joyce Massey was not discriminatory on the basis of her race or sex, but was justified by her prior work record with the college. The defendant's motion for a directed verdict on Massey's case should be allowed.

■ 12. Plaintiffs in C–C–76–169 are entitled to costs and reasonable attorney's fees.

## ORDER

IT IS THEREFORE ORDERED:

1. That C–C–76–169 be maintained as a class action, and that a final class be, and it is, certified consisting of females in non-academic employment who were denied promotion or advancement or other perquisites of employment on the basis of their sex beginning August 13, 1975.

2. That the defendants' motion to dismiss the complaint against defendants Hagemeyer and Gay be, and it hereby is allowed.

3. That the defendant CPCC's motion for directed verdict in the case of Joyce Massey (C–C–76–327) be, and it hereby is allowed.

4. That defendant CPCC, its agents, successors, employees, attorneys and those acting in concert with them and at their direction, are hereby permanently enjoined from continuing or maintaining their discriminatory practice of "process management" which, in effect, hires women in clerical job titles, but places administrative and managerial responsibilities on them.

5. That the parties meet to seek agreement on a special master to be appointed by the court, and seek agreement on the text of a proposed order of appointment. The parties shall report their progress to the court within thirty (30) days of the filing date of this order. The report should indicate what the parties have agreed on, and what remains to be decided by the court.