BOARD OF TRUSTEES OF KEENE STATE COLLEGE
ET AL. v. SWEENEY

No. 77-1792.   Decided November 13, 1978

PER CURIAM.

The petition for a writ of certiorari is granted.   In *Furnco Construction Co.* v. *Waters,* 438 U. S. 567 (1978), we stated that "[t]o dispel the adverse inference from a prima facie showing under *McDonnell Douglas,* the employer need only 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'"   *Id.,* at 578, quoting *McDonnell Douglas Corp.* v. *Green,* 411 U. S. 792, 802 (1973).   We stated in *McDonnell Douglas* that the plaintiff "must . . . be afforded a fair opportunity to show that [the employer's] stated reason for [the plaintiff's] rejection was in fact pretext."   *Id.,* at 804.   The Court of Appeals in the present case, however, referring to *McDonnell Douglas,* stated that "in requiring the defendant to *prove absence of discriminatory motive,* the Supreme Court placed the burden squarely on the party with the greater access to such evidence."   569 F. 2d 169, 177 (CA1 1978) (emphasis added).[1]

---

[1] While the Court of Appeals did make the statement that the dissent quotes, *post,* at 27, it also made the statement quoted in the text above. These statements simply contradict one another.   The statement quoted in the text above would make entirely superfluous the third step in the

While words such as "articulate," "show," and "prove," may have more or less similar meanings depending upon the context in which they are used, we think that there is a significant distinction between merely "articulat[ing] some legitimate, nondiscriminatory reason" and "prov[ing] absence of discriminatory motive." By reaffirming and emphasizing the *McDonnell Douglas* analysis in *Furnco Construction Co. v. Waters, supra,* we made it clear that the former will suffice to meet the employee's prima facie case of discrimination. Because the Court of Appeals appears to have imposed a heavier burden on the employer than *Furnco* warrants, its judgment is vacated and the case is remanded for reconsideration in the light of *Furnco, supra,* at 578.[2]

*It is so ordered.*

MR. JUSTICE STEVENS, with whom MR. JUSTICE BRENNAN, MR. JUSTICE STEWART, and MR. JUSTICE MARSHALL join, dissenting.

Whenever this Court grants certiorari and vacates a court of appeals judgment in order to allow that court to reconsider

---

*Furnco-McDonnell Douglas* analysis, since it would place on the employer at the second stage the burden of showing that the reason for rejection was not a pretext, rather than requiring contrary proof from the employee as a part of the third step. We think our remand is warranted both because we are unable to determine which of the two conflicting standards the Court of Appeals applied in reviewing the decision of the District Court in this case, and because of the implication in its opinion that there is no difference between the two standards. We, of course, intimate no view as to the correct result if the proper test is applied in this case.

[2] We quite agree with the dissent that under *Furnco* and *McDonnell Douglas* the employer's burden is satisfied if he simply "explains what he has done" or "produc[es] evidence of legitimate nondiscriminatory reasons." *Post,* at 28, 29. But petitioners clearly did produce evidence to support their legitimate nondiscriminatory explanation for refusing to promote respondent during the years in question. See 569 F. 2d, at 172–173, 178; App. to Pet. for Cert. B–2 to B–24. Nonetheless, the Court of Appeals held that petitioners had not met their burden because the proffered legitimate explanation did not "rebut" or "disprove" respondent's prima facie case

its decision in the light of an intervening decision of this Court, the Court is acting on the merits. Such action always imposes an additional burden on circuit judges who—more than any other segment of the federal judiciary—are struggling desperately to keep afloat in the flood of federal litigation. For that reason, such action should not be taken unless the intervening decision has shed new light on the law which, if it had been available at the time of the court of appeals' decision, might have led to a different result.

In this case, the Court's action implies that the recent opinion in *Furnco Construction Corp.* v. *Waters,* 438 U. S. 567, made some change in the law as explained in *McDonnell Douglas Corp.* v. *Green,* 411 U. S. 792. When I joined the *Furnco* opinion, I detected no such change and I am still unable to discern one. In both cases, the Court clearly stated that when the complainant in a Title VII trial establishes a prima facie case of discrimination, "the burden which shifts to the employer is merely that of proving that he based his employment decision on a legitimate consideration, and not an illegitimate one such as race." [1]

---

or "prove absence of nondiscriminatory motive." 569 F. 2d, at 177–179; see App. to Pet. for Cert. B–25. This holding by the Court of Appeals is further support for our belief that the court appears to have imposed a heavier burden on the employer than *Furnco,* and the dissent here, require.

[1] This language is quoted from the following paragraph in *Furnco:*

"When the prima facie case is understood in the light of the opinion in *McDonnell Douglas,* it is apparent that the burden which shifts to the employer is merely that of proving that he based his employment decision on a legitimate consideration, and not an illegitimate one such as race. To prove that, he need not prove that he pursued the course which would both enable him to achieve his own business goal *and* allow him to consider the *most* employment applications. Title VII prohibits him from having as a goal a work force selected by any proscribed discriminatory practice, but it does not impose a duty to adopt a hiring procedure that maximizes hiring of minority employees. To dispel the adverse inference from a prima facie showing under *McDonnell Douglas,* the employer need

The Court of Appeals' statement of the parties' respective burdens in this case is wholly faithful to this Court's teachings in *McDonnell Douglas*. The Court of Appeals here stated:

> "As we understand those cases [*McDonnell Douglas* and *Teamsters* v. *United States,* 431 U. S. 324], a plaintiff bears the initial burden of presenting evidence sufficient to establish a prima facie case of discrimination. *The burden then shifts to the defendant to rebut the prima facie case by showing that a legitimate, nondiscriminatory reason accounted for its actions.* If the rebuttal is successful, the plaintiff must show that the stated reason was a mere pretext for discrimination. *The ultimate burden of persuasion on the issue of discrimination remains with the plaintiff, who must convince the court by a preponderance of the evidence that he or she has been the victim of discrimination.*" 569 F. 2d 169, 177 (CA1 1978) (emphasis added).

This statement by the Court of Appeals virtually parrots this Court's statements in *McDonnell Douglas* and *Furnco*. Nonetheless, this Court vacates the judgment on the ground that "the Court of Appeals appears to have imposed a heavier burden on the employer than *Furnco* warrants." *Ante,* at 25. As its sole basis for this conclusion, this Court relies on a distinction drawn for the first time in this case "between merely 'articulat[ing] some, legitimate, nondiscriminatory

only 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" 438 U. S., at 577–578 (emphasis in original).

The comparable passage in *McDonnell Douglas* reads as follows:

"The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection. We need not attempt in the instant case to detail every matter which fairly could be recognized as a reasonable basis for a refusal to hire. Here petitioner has assigned respondent's participation in unlawful conduct against it as the cause for his rejection. We think that this suffices to discharge petitioner's burden of proof at this stage and to meet respondent's prima facie case of discrimination." 411 U. S., at 802–803.

28

reason' and 'prov[ing] absence of discriminatory motive.' " *Ante,* at 25.[2] This novel distinction has two parts, both of which are illusory and were unequivocally rejected in *Furnco* itself.

First is a purported difference between "articulating" and "proving" a legitimate motivation. Second is the difference between affirming a nondiscriminatory motive and negating a discriminatory motive.

With respect to the first point, it must be noted that it was this Court in *Furnco,* not the Court of Appeals in this case, that stated that the employer's burden was to *"prov[e]* that he based his employment decision on a legitimate considera-tion." [3] Indeed, in the paragraph of this Court's opinion in *Furnco* cited earlier, the words "prove" and "articulate" were used interchangeably,[4] and properly so. For they were de-scriptive of the defendant's burden in a trial context. In litigation the only way a defendant can "articulate" the reason for his action is by adducing evidence that explains what he has done; when an executive takes the witness stand to "articulate" his reason, the litigant for whom he speaks is

---

[2] The Court also suggests that "further support" for its decision is derived from the Court of Appeals' "holding" that "petitioners had not met their burden because the proffered legitimate explanation did not 'rebut' or 'disprove' respondent's prima facie case . . . 569 F. 2d, at 177–179." *Ante,* at 25–26, n. 2. The actual "holding" of the Court of Appeals was that "the trial court's finding that sex discrimination impeded the plaintiff's second promotion was not clearly erroneous." 569 F. 2d 169, 179 (CA1 1978). The Court of Appeals reached this conclusion by considering all of the evidence presented by both parties to determine whether the evi-dence of discrimination offered by the plaintiff was "sufficient . . . to sustain the district court's findings" in light of the counter evidence offered by the employer. *Ibid.* Such factual determinations by two federal courts are entitled to a strong presumption of validity.

[3] 438 U. S., at 577 (quoted in n. 1, *supra;* emphasis added). It should also be noted that the Court of Appeals did not state that the petitioners' burden here was to "prove" anything; rather, the burden which shifted to them as defendants was to "show" a legitimate reason for their action.

[4] See n. 1, *supra.*

thereby proving those reasons. If the Court intends to authorize a method of articulating a factual defense without proof, surely the Court should explain what it is.

The second part of the Court's imaginative distinction is also rejected by *Furnco*. When an employer shows that a legitimate nondiscriminatory reason accounts for his action, he is simultaneously demonstrating that the action was not motivated by an illegitimate factor such as race. *Furnco* explicitly recognized this equivalence when it defined the burden on the employer as "that of proving that he based his employment decision on a legitimate consideration, and not an illegitimate one such as race." [5]   Whether the issue is phrased in the affirmative or in the negative, the ultimate question involves an identification of the real reason for the employment decision. On that question—as all of these cases make perfectly clear—it is only the burden of producing evidence of legitimate nondiscriminatory reasons which shifts to the employer; the burden of persuasion, as the Court of Appeals properly recognized, remains with the plaintiff.

In short, there is no legitimate basis for concluding that the Court of Appeals erred in this case—either with or without the benefit of *Furnco*. The Court's action today therefore needlessly imposes additional work on circuit judges who have already considered and correctly applied the rule the Court directs them to reconsider and reapply.

---

[5] 438 U. S., at 577.