Lena **TORTORICI**, Plaintiff-Appellant,

v.

Patricia Roberts **HARRIS,** Secretary of Health and Human Resources, Defendant-Appellee.

No. 79–2735
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Tortorici is a white woman who was thrice rejected for entry-level positions at the Social Security Administration Payment Center in Birmingham. The Center subsequently hired both blacks and whites with test scores lower than appellant's. Appellant brought this Title VII action, alleging race discrimination. The district court held that she had not carried her prima facie burden of showing discrimination, and, alternatively, that the Center had successfully rebutted any prima facie case.

We need not reach the question whether appellant made out a prima facie case; assuming *arguendo* that she did, we agree with the district court that the Center successfully rebutted the prima facie showing of discrimination. The district court held that the Center had established that the reason for appellant's rejection was unfavorable interviews and the perceived likelihood that time and money spent on training her might ultimately be wasted. This is a finding of fact which we will disturb only if it is clearly erroneous. *Vetter v. Frosch*, 599 F.2d 630 (CA5, 1979); *Armour v. City of Anniston*, 597 F.2d 46 (CA5, 1979). This finding is not clearly erroneous, and the district court decision must therefore be, and is, AFFIRMED.[1]

Edward Still, Birmingham, Ala., for plaintiff-appellant.

Caryl P. Privett, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellee.

---

1. We need not decide what level of proof constitutes a sufficient rebuttal after *Furnco Construction Co. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), and *Board of Trustees v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978), since the employer here has *established* that appellant was rejected for legitimate, nonracial reasons, and thus has met even the highest standard of proof.