Patricia DAVIS, etc., Plaintiff-Appellant,

v.

JACKSON COUNTY PORT AUTHORITY and Donald Inkship,
Defendants-Appellees.

No. 77–2708.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1980.

Rehearing and Rehearing En Banc
Denied March 10, 1980.

John L. Walker, Philip Brookins, Jackson, Miss., Curtis L. Hays, Moss Point, Miss., for plaintiff-appellant.

Raymond L. Brown, Pascagoula, Miss., for defendants-appellees.

Before JONES, BROWN and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Seeking relief under Title VII, the Equal Employment Opportunity Act, 42 U.S.C.

§ 2000e–2, and under 42 U.S.C. § 1981, Ms. Patricia Davis, a black woman who applied for a clerical job with the Jackson County Port Authority, contends she was discriminated against when the Port Authority, without even interviewing her, hired as receptionists two white women who applied after she did and whose qualifications were inferior to or no better than hers. She appeals the trial judge's conclusion that, while she made out a prima facie case of racial discrimination, the defendant successfully articulated a legitimate, nondiscriminatory reason for her rejection.

Accepting the experienced trial judge's fact findings, we differ with his conclusion. The Port Authority's statement of the reasons for its action was not sufficient, even if accepted by the trier of fact, as it was, to constitute a legitimate, nondiscriminatory reason not to consider Ms. Davis for employment. We therefore reverse the judgment and remand for a determination of the amount of back pay and other relief due her.

We take the facts from the trial judge's findings. On March 21, 1975, Ms. Davis applied for "clerical or other work available for women" at the main office of the Jackson County Port Authority. She filled out an application form, which showed that she possessed extensive secretarial and clerical education and work experience. In the space containing the words "Salary Desired," Ms. Davis inserted "$200 wk." When she handed in her completed application, a member of the office staff reviewed it in Ms. Davis' presence and told her that she would be asked to report later for an interview. Nonetheless, the Port Authority office manager never interviewed Ms. Davis.

Ms. Davis telephoned the Port Authority office several times to ask about vacancies and each time was informed that none existed. In the meantime, two white females, who had applied after Ms. Davis, were hired as receptionists although neither had better qualifications than Ms. Davis. One had filled in the "Salary Desired" space with "Minimum" while the other had left it blank, and both were hired at a salary of $102.35 per week. Ms. Davis was never offered the opportunity to accept the job at this salary.

Until October 1975, several months after Ms. Davis filed her complaint with the Equal Employment Opportunity Commission, the Port Authority had never employed a black person other than as a laborer. That month the Port Authority hired a black female to work as a receptionist in one of its branch offices. No black person has ever worked in an office position in the main office although a black branch office receptionist was offered, and refused, a position there.

The trial judge concluded that Ms. Davis had made out a prima facie facie case of discrimination in accordance with the criteria set forth in *McDonnell Douglas Corp. v. Green,* 1973, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 677. This finding was abundantly supported by the evidence, and, indeed, there was no appeal from it.

When such a prima facie case is shown, the burden shifts to the employer to show that what appears to be discrimination was not in fact invidious because of the existence of a legitimate, nondiscriminatory reason for its action. *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802–03, 93 S.Ct. at 1824, 36 L.Ed.2d at 677–78. *See also Board of Trustees of Keene State College v. Sweeney,* 1978, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216; *Furnco Construction Corp. v. Waters,* 1978, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957.

The principal reason advanced for not hiring Ms. Davis was that the job paid only $102.35 a week, and she had stated on her application that she wished to earn $200 a week. In light of the facts in the record— Ms. Davis' qualifications, her repeated inquiries, the failure to interview her, the failure to employ any black person to do clerical work—the mere completion of an application indicating that an applicant desires to be paid more than the employer has in mind is not a legitimate reason to decline to interview a well qualified applicant and to find out whether she is willing to work for the authorized salary.

There was another reason, professedly secondary, that was accepted by the district court as "playing a part" in the decision not to hire Ms. Davis. Accepting the hotly disputed facts as they were found by the district court, some time after the office manager recommended rejection of Ms. Davis, his superior, the Port Authority Director, heard a rumor that criminal charges had been filed against her for selling a controlled substance to a narcotics agent. This rumor was later corroborated by a newspaper article, although the findings are not clear whether the article (dated April 10, 1975) came to the director's attention before or after the decision was made to hire the first white applicant (who started work on April 14, 1975). However, it is evident that the charges played no part in the office manager's initial rejection of Ms. Davis.

It is unnecessary for us to evaluate the various disputes concerning the evidentiary basis for these conclusions. Although the office manager did not testify, the Port Authority Director did. His testimony was contradictory and in some respects, on cross-examination, not helpful to the defendant. After he left the stand, the court admitted testimony he had given earlier in another hearing on the basis that an intervening illness had caused him to have intermittent lapses of memory. Accepting the district judge's evaluation of the testimony, and both the profession by the Port Authority and the court's finding that the criminal charge was a secondary consideration, we conclude that, at the time the decision was made by the office manager to reject Ms. Davis without so much as an interview or a telephone call, the defendant discriminated against her on the basis of her race.

Ms. Davis is entitled to receive back pay under 42 U.S.C. § 2000e–5(g). However, had Ms. Davis been offered a job and accepted it, her sentence of three years' probation after suspension of three years in prison for the drug offense might or might not have resulted in her discharge. This issue was not raised below, and no findings were made concerning it. If, in the same circumstances, a white employee would have been discharged, and it is established, that, once the offense was known, Ms. Davis also would have been discharged, then a valid reason for her constructive discharge at that later date might exist. In that case, the court should award her back pay only for the period of time she would have been employed, taking into account any procedures required by state law antecedent to her termination. If, on the other hand, a white clerical worker would nonetheless have been retained, or it is shown that, for some other reason, Ms. Davis would not have been discharged, her back pay should cover the full period she was deprived of employment minus possible interim earnings.

Ms. Davis also sought an injunction against discriminatory practices and attorney's fees. The injunction should be issued, 42 U.S.C. § 2000e–5(g), and a reasonable amount should be awarded for attorney's fees, 42 U.S.C. § 2000e–5(k), including services rendered on this appeal and following remand.

The judgment dismissing the suit is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

JONES, Circuit Judge, dissenting:

The qualifications of the appellant were, as the majority has stressed, much better than the qualifications of those who were hired. Perhaps her qualifications were such as to permit her to fill a job which paid the amount she required. I believe that the findings of the district court are supported by substantial evidence and that its judgment should be affirmed.