**Charles W. PARKER, Plaintiff,**

v.

**William M. SMITH, Jr., District Engineer, United States Army Corps of Engineers, Defendant.**

**No. 80 Civ. 1023 (KTD).**

United States District Court, S. D. New York.

May 21, 1981.

Charles W. Parker, pro se.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant; Jonathan A. Lindsey, Janis P. Farrell, Asst. U. S. Attys., New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

On February 21, 1980, Charles W. Parker filed an employment discrimination suit against the Army Corps of Engineers [the "Corps"]. He alleges that he was denied employment with the Corps on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, and that the Equal Employment Opportunity ["EEO"] statistics compiled by the Corps gave the appearance that blacks are being hired at a rate greatly in excess of the actual record. After reviewing the evidence and testimony presented at trial on April 13, 1981, I find that Mr. Parker has failed to establish either that he was discriminated against by the Corps or that the EEO statistics are inaccurate. Accordingly, I must find for defendant.

### I.

In February, 1978, Charles Parker submitted to the Corps, a Personal Qualification Statement, Standard Form 171 ["SF"] and a Notification of Personnel Action, SF 50. These forms established that due to his veteran status[1] and prior civilian employment with the Office of Chief Engineers as a mail clerk, Mr. Parker had lifetime "reinstatement eligibility." Reinstatement eligi-

---

1. Veterans with reinstatement eligibility have no priority over non-veterans with reinstatement eligibility, nor over persons receiving consideration through civil service examination and rating. Federal Personnel Manual, 315–11 § 4–1, et seq. The only point at which a veter-

bility entitles former federal employees like Mr. Parker to submit employment applications to the Corps without taking a Civil Service exam. It does not entitle them to reinstatement on demand to a particular job, nor does it give them priority over others eligible for employment with the Corps.

Applicants with reinstatement eligibility may apply for a specifically advertised job by submitting an SF 171 for each position or the applicant may check off positions on an "Acceptance List." The Acceptance List consists of job titles that are difficult to fill or have a large turnover and for which the Corps is seeking applications on a continuing basis. Applicants checking off positions on this list receive automatic consideration when one of the checked-off positions becomes available. A separate SF 171 is not necessary for jobs posted on the Acceptance List. For jobs not on the Acceptance List, a separate SF 171 must be submitted in response to specific vacancy announcements.

In February, 1978, when plaintiff submitted his SF 171, he was given the then current Acceptance List. He checked off positions for Accounting Technician, Engineering Technician, Environmentalist, Harbor Patrol Inspector and Survey Aide/Technician.[2] At the same time, plaintiff expressed an interest in Vacancy Announcement No. 27 dated February 27, 1978, which advertised the position of General Physical Scientist. His SF 171 was copied and accepted as an application for the position since the job was not on the Acceptance List. Plaintiff was advised at that time and on other occasions that his SF 171 was illegible and incomplete. Plaintiff, however, made no effort to revise or improve the form. Furthermore, although advised of the necessity by the defendant, plaintiff failed to submit separate SF 171's for positions he subsequently applied for which were not on the Acceptance List. Plaintiff was interviewed but was not hired for the position of General Physical Scientist in the Environmental and Economics Branch of the Engineering Division of the Corps. Another applicant filled the position. Parker now alleges that his application for the position of General Physical Scientist was rejected by the Corps due to racial discrimination.

II.

In order to establish a *prima facie* case of racial discrimination under Title VII of the Civil Rights Act of 1964, plaintiff must prove that:

(i) that he belongs to a racial minority; (ii) that he applied for and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons ·of complainant's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 [93 S.Ct. 1817, 1824, 36 L.Ed.2d 668] (1973).

The proof offered by Mr. Parker at trial did not establish a *prima facie* case of racial discrimination. He did not prove that he was qualified for the position of General Physical Scientist,[3] nor did Mr. Parker prove that after his rejection, the position remained open and the Corps continued to seek applicants from persons with plaintiff's qualifications.

Even had Mr. Parker proved a *prima facie* case of racial discrimination and the burden had shifted to the defendant, the defendant met its burden of proving that it had legitimate, non-discriminatory reasons

an has preference or priority over non-veterans is during the process of rating eligibles for order of appearance on the civil service register. To a person seeking consideration as a reinstatement eligible, status as a veteran is no longer relevant. *Id.* at 211–6 § 2–4.

**2.** Plaintiff offered no evidence at trial that he had suffered any discrimination with respect to his applications for these positions.

**3.** The only qualifications for the position of General Physical Scientist noted by Mr. Parker are his B.S. in Chemistry and a short stint as a "lab technician" in 1972. When asked on cross-examination about simple chemical substances, however, Mr. Parker was unable to answer.

for not hiring the plaintiff. *See Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216, (1978). Defendant showed at trial that plaintiff was not hired by the Corps because he did not qualify for the position of General Physical Scientist.[4] Plaintiff was unable to refute defendant's proof at trial. Therefore, I find that plaintiff failed to meet his burden of proving that the defendant refused plaintiff employment on the basis of racial discrimination. Furthermore, plaintiff offered no evidence that the EEO records were inaccurate.

Accordingly, plaintiff's complaint is dismissed with prejudice.

SO ORDERED.

---

4. The Corps also established that Mr. Parker was not considered for other positions not on the Acceptance List because he failed to submit the necessary applications for those positions even though he had been adequately advised by the Corps of the application requirements.