Randy BRADY; James Williams; Michael Fox; Jerry Hunter; Francis Pendergrass; Lacy Monds; and Chris Watkins, individually and on behalf of all others similarly situated, Plaintiffs,

and

Curtiss Crawford and Lorenzo Mosely, Plaintiffs-Intervenors,

v.

THURSTON MOTOR LINES, a corporation, Defendant.

No. C–C–76–343–M.

United States District Court, W. D. North Carolina, Charlotte Division.

Feb. 24, 1982.

Michael A. Sheely, Sheely & Brooks, Bart William Shuster, Plumides & Plumides, Charlotte, N. C., for plaintiffs.

J. W. Alexander, Jr., Blakeney, Alexander & Machen, Charlotte, N. C., for defendant.

## JUDGMENT

McMILLAN, District Judge.

This case is back before the court upon the January 11, 1982, remand from the Fourth Circuit Court of Appeals.

The court has again reviewed its lengthy notes taken during the trial, and has repeated the separate analysis of each individual claim, under which several claims were found to have merit, several claims were found to have no merit, and relief for some individuals, and for the class, was ordered.

As the file will show, the court filed a memorandum of decision on the 16th day of July, 1979; findings of fact, conclusions of law, order and judgment in accord with that memorandum were drafted by the plaintiffs; and they were revised at least twice in many significant particulars by the court before final drafts were entered.

The case was tried and decided in the district court before the *Burdine* decision was ever rendered. The district court perhaps did not in semantic perfection "articulate" the precise litany now apparently required. However, the court did not put any burden of proof upon the defendant, *but did require the plaintiff to sustain the burden*

*of proof as to every essential element of the claim of each plaintiff* and the claims of the class.

That process has been followed in every Title VII case I have ever tried, since long before *Burdine*; it has required the plaintiffs *to prove every element necessary to* support their claims; *it has put no burden upon the defendant to prove anything*; it has accepted the fact that in several instances the defendant has "articulated" reasons for its actions; in some cases those reasons were found legitimate and rulings were made in favor of the defendant; in other cases, those reasons were found pretextual; and a notation was made that the plaintiffs had carried their burden of rebutting defendant's evidence.

The individual claims and the class questions were in fact decided under the most rigorous strictures of *McDonnell Douglas*, as later re-stated by *Burdine*.

For the record, however, and in repetition of the principles previously followed in the original findings of fact and conclusions of law, this court reiterates:

1. The plaintiffs on every issue in this case have always had the burden of proof to satisfy the court that each plaintiff was treated in a discriminatory fashion and that the patterns and practices found to be discriminatory were such, in fact, and that the reasons, if any, advanced by defendant in explanation were pretextual.

2. The defendant has had no burden of *persuasion* and has only been saddled with the "burden" of *Burdine*, which is simply to *say* words which, *if taken at face value*, explain its allegedly discriminatory actions.

3. Considering all the evidence, those plaintiffs who have won (and the *class* of plaintiffs on those issues where class relief was ordered) have had the burden at all times *and have satisfied the burden* of proving that the defendant did discriminate as alleged.

Additions to the language of specific paragraphs of the findings of fact, the conclusions of law, the order and the judgment to repeat the above litany, wherever it may be appropriate, are hereafter made, and the findings of fact, conclusions of law, order and judgment are hereby amended accordingly, as follows:

ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE CLAIMS OF THE INDIVIDUAL PLAINTIFFS AND CLASS MEMBERS, BY NAME.

*Lorenzo Mosely.*—Paragraph 5 of the findings of fact is amended by adding the following paragraph:

Mosely had the burden of proof throughout to show that he was denied employment because of his race. He did not sustain that burden. Defendant has articulated a valid reason for his discharge, in the form of a policy against re-hiring old employees. Plaintiff failed to prove that this explanation was pretextual.

*Christopher Watkins.*—Paragraph 6 of the findings of fact is amended by adding the following paragraph:

Watkins had the burden of proving that he was discharged because of his race. He had that burden throughout. Defendant articulated a valid and credible reason for his discharge (because he got in a fight and, along with a supervisor, was discharged for violating the no fighting rule). Plaintiff failed to prove that defendant's articulated reason was pretextual.

*Lacy Monds.*—Paragraph 7 of the findings of fact is amended by adding the following paragraph:

Monds had the burden of satisfying the court that he was discharged because of race. He failed to carry the burden. Defendant articulated a valid reason for discharging Monds, that is, his failure to report accidents. Plaintiff failed to prove to the court that this articulated reason was pretextual.

*Jerry Hunter.*—Paragraph 8 of the findings of fact is amended by adding the following paragraph:

Hunter had the burden of satisfying the court that because of his race he was denied two promotions to the job of line foreman and one promotion for transfer to a job as

switcher. He has carried that burden throughout. Defendant articulated no valid reason for denying promotion to Hunter and giving the line foreman and switcher jobs to white men instead. Hunter is entitled to relief on his claims for denial of promotion to line foreman and for unlawful failure to transfer or promote into a switcher position.

As to Hunter's *discharge*, the company has articulated a valid reason (writing obscenities on a bill of lading, which he obviously did). Plaintiff failed to prove that the reason given was pretextual. They "got" him fair and square and don't have to pay for firing him.

*Francis Pendergrass.*—Paragraph 9 of the findings of fact is amended by adding the following paragraph:

Pendergrass undertook to support a claim for discriminatory discipline and for unlawful retaliatory discharge. He had the burden throughout on both charges. He did not sustain the burden of proving that his temporary disciplinary removal from his forklift job in favor of a white driver was based on race. Defendant articulated a valid reason—that it was a routine, nondiscriminatory, corrective measure. Plaintiff failed to prove defendant's articulated reason to be pretextual. Pendergrass had the burden of proving that he was *discharged* because of his race. He has met that burden. Defendant has articulated an excuse (poor attendance), the plaintiff has proved that reason to be pretextual, and Pendergrass is entitled to recover because of his unlawful discharge.

*Michael Fox.*—Paragraph 10 of the findings of fact is amended by adding the following paragraph:

Fox had the burden of proving that he was wrongfully discharged because of his race after some injuries which left him for a time able to do light work but not heavy work. He has carried the burden of proving that he was thus discharged under circumstances when white employees with similar problems had been allowed to continue to work at light duty. Defendant articulated a reason that Fox was discharged because he was physically unable to continue to work. Plaintiff has proved that reason to be pretextual; white employees similarly situated had been kept on the payroll.

As to Fox's claim of denial of opportunity to go to driving school and become a driver, he failed to prove that he was denied that opportunity because of race, and no question of pretext arises.

*James Williams.*—Paragraph 11 of the findings of fact is amended by adding the following paragraph:

Williams undertook the burden of proving that he was twice denied a foreman's job because of his race and that white employees were chosen instead. No final decision has been made by the court on this question and it is referred forward to the second stage proceedings, where claims of class members will be considered.

Williams has, however, sustained the burden of proving that he was *discharged* because of his complaints of racial discrimination. Plaintiff has proved that the "red tag" excuse articulated by defendant is pretextual.

*Randy Brady.*—Paragraph 12 of the findings of fact is amended by adding the following paragraph:

Brady carried the burden of proving that he was denied a line foreman job in January 1976 on racial grounds. Plaintiff has also proved that defendant has articulated no credible, non-pretextual, non-racial reason for the denial of the job.

Brady has sustained his burden of proving that he was discharged in October of 1976 in retaliation for filing and refusing to withdraw charges of racial discrimination. Plaintiff has proved that defendant's articulated reason of poor attendance is pretextual.

*Curtis Crawford.*—Paragraph 13 of the findings of fact is amended by adding the following paragraph:

Crawford had the burden of proving all of his claims. He has (a) sustained the burden of proving that because of his race

he was denied opportunity to train and become a truck driver; plaintiff has proved that defendant's explanations are pretextual; (b) failed to sustain the burden of proof that because of his race he was denied a permanent line foreman position; and (c) sustained the burden of proving that he was constructively discharged for racial reasons in retaliation for his efforts to be promoted or receive training for better employment. Defendant has not articulated any valid, non-pretextual reasons for acts and denials complained of.

*Charles Ellington.*—Paragraph 19 of the findings of fact is amended by adding the following paragraph:

Ellington is not entitled to any relief based upon his discharge, because he was discharged for a valid reason (fighting another employee with a knife).

*Dwight Tillman.*—Paragraph 20 of the findings of fact is amended by adding the following paragraph:

Tillman has not sustained the burden of proving that his discharge was racially discriminatory; he was discharged for leaving the terminal during his working hours without clocking out, and with his time card in his possession.

*Arthur L. Wallace, Jr.*—Paragraph 20 of the findings of fact is amended by adding the following new paragraph 20(a):

Class member Arthur L. Wallace, Jr., failed to offer any evidence that he was discharged or otherwise discriminated against on account of his race, and he thereby failed to sustain his burden of proof.

The conclusions of law are amended by striking out the first twelve lines of present paragraph 5 and inserting the following in their place:

As to every discriminatory act found, and as to every discriminatory practice which has been found, the plaintiffs have had the burden of persuasion. This burden has been upon the plaintiffs throughout; it has never been upon the defendant. Plaintiffs, through statistics and evidence of specific overt acts, have carried the burden of proving the discrimination found in the findings of fact and in the areas of discrimination listed herein. The defendant has had no burden at any time. The defendant has had the opportunity to articulate, if it wished, and could, some legitimate non-discriminatory reasons for its challenged actions. *See McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972); *Trustees of Keene State College, et al. v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978). In every case where discriminatory action has been found, and in every case where discriminatory pattern and practice have been found to exist, the plaintiff has had the burden of proof throughout, and has fully sustained that burden, and has proved that defendant's claimed reasons were non-existent or pretextual.

As hereby amended, the findings of fact and conclusions of law originally filed on November 19, 1980, are republished and reiterated.

The order and judgment of December 1, 1980, as hereby amended, is republished and readopted as the action of this court.

This is a final judgment.