**Delores H. HICKMAN,**
**Plaintiff-Appellant,**

v.

**FLOOD & PETERSON INSURANCE,**
**INC., Defendant-Appellee.**

**No. 83–1077.**

United States Court of Appeals,
Tenth Circuit.

June 24, 1985.

Scott H. Robinson of Gerash & Robinson, P.C., Denver, Colo., for plaintiff-appellant.

Lee Dale of Sherman & Howard, Denver, Colo., for defendant-appellee.

Before LOGAN and BREITENSTEIN, Circuit Judges, and O'CONNOR, District Judge [*].

EARL E. O'CONNOR, District Judge.

This appeal arises from a Title VII action brought by the appellant, Delores H. Hickman, against the appellee, Flood & Peterson Insurance, Inc. (Flood & Peterson). Two questions are presented. First, the appellant asks us to overturn the trial court's determination that she was not

---

[*] Chief Judge of the United States District Court for the District of Kansas, sitting by designation.

qualified for the position to which she sought to be promoted. Second, we must decide the propriety of the trial court's holding that appellant was not discriminated against on the basis of her sex because of the disparity between her salary and the salaries of male employees at Flood & Peterson.

Hickman was employed in various "processing" positions by Flood & Peterson from 1971 to 1980. The thrust of her lawsuit was that she was qualified for a sales position but was not promoted because of her sex. Hickman also alleged that she had been retaliated against for engaging in activities protected by Title VII. On this claim the trial court found for Hickman and awarded her damages and attorney's fees. The court's decision on the retaliation claim has not been pursued on appeal.

Title VII prohibits an employer from discriminating among employees in the terms, conditions or privileges of employment based upon an individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e–2(a)(1). Furthermore, employers are prohibited from limiting, segregating or classifying employees in any way which will deprive them of employment opportunities on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e–2(a)(2).

■ In order to make out a *prima facie* case of employment discrimination based on sex, a plaintiff has the initial burden of showing:

(1) that plaintiff belonged to the protected class;

(2) that plaintiff applied and was qualified for the position;

(3) that plaintiff was rejected; and

(4) that after plaintiff's rejection, the position remained open.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The *McDonnell Douglas* test is not an inflexible standard, as the facts necessarily will vary in Title VII cases. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ Once a plaintiff meets this initial burden a rebuttable presumption of unlawful discrimination is created. The Supreme Court has stated that "The *prima facie* case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for the plaintiff's rejection." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094; *Carlile v. South Routt School Dist. RE–3J,* 739 F.2d 1496 (10th Cir.1984). To rebut the presumption of discrimination, the defendant must then come forward and show that the action taken was for a legitimate, nondiscriminatory reason. *Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978); *Carino v. University of Oklahoma Board of Regents,* 750 F.2d 815 (10th Cir.1984).

After considering the evidence, the trial court found that Hickman was not qualified for the position she sought and, therefore, failed to meet the second prong of the *McDonnell Douglas* test set out above. The court concluded that although she possessed the same licenses as sales persons (producers) and had some of the same duties, she lacked the skills and experience necessary to perform in the sales role.

■ The standards for review dictate that the trial court's findings of fact shall not be set aside unless clearly erroneous. Fed.R.Civ.P. 52(a). Factual determinations in Title VII cases are to be treated no differently than factual findings in any other case. *United Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Carlile v. South Routt School District RE–3J,* 739 F.2d at 1501. "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *Anderson v. Bessemer City,* —— U.S. ——, ——, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (*citing United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68

S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We may not reverse the trial court merely because we would have decided the case differently. If two plausible explanations of the evidence exist, one of which is the finding of the trial court, we must accept that view. *Id.* —— U.S. at ——, 105 S.Ct. at 1512. A brief review of the facts in the instant case will demonstrate that the trial court's findings were not clearly erroneous.

Hickman went to work for Flood & Peterson, a multi-line insurer, in March 1971. At the beginning of her tenure, the duties of the job consisted of typing invoices, letters, and renewing and rating fire insurance policies under the supervision of a licensed agent. In November of 1975, at the behest of the Insurance Commissioner for the State of Colorado, certain individuals, including Hickman, were required to obtain insurance agent licenses because they were performing some tasks usually done by agents. After Hickman obtained her multi-line insurance license, she also obtained her life, accident and health insurance license, as well as her broker's license. During this period she made several requests for promotion to the position of sales agent. Her requests were denied and she continued as a clerical employee until she left the agency in December 1980.

The district court found that throughout the agency's business history it maintained two separate classes of employees. One class, the "producers," were the insurance sales agents and brokers. These individuals devoted their efforts to packaging insurance plans for sale to customers and underwriters. Historically, all producers had been male. The other class, the "processors," were females and constituted the clerical support staff for the producers. Hickman was classified as a processor. The processors occasionally sold insurance to minor walk-in customers who came into the office seeking policies. The trial court recognized, however, that despite the fact there were some similarities between the duties of the male producers and the female processors, simply being a processor did not automatically qualify one to be a producer. Actually, all producers were experienced individuals with extensive backgrounds in insurance work. This experience, according to the agency, was a requirement for the job. Hickman's relevant insurance experience was that which she acquired through her clerical position at Flood & Peterson, and was not the type of experience that would qualify her to be a producer.

■■■ After reviewing the record, we are not convinced that the trial court's findings were clearly erroneous. Employers are given wide discretion in setting job standards and requirements and in deciding whether applicants meet those standards. *Verniero v. Air Force Academy School District,* 705 F.2d 388 (10th Cir.1983); *Bauer v. Bailar,* 647 F.2d 1037 (10th Cir. 1981). The employer here set objective, reasonable employment standards which appellant simply did not meet. *See Burrus v. United Telephone of Kansas, Inc.,* 683 F.2d 339 (10th Cir.1982).

■■■ Appellant argues that the trial court erred as a matter of law in finding that a *prima facie* case of discrimination was not established, because it had proceeded to hear appellee's evidence on the merits. This error, she contends, requires reversal. We do not agree. Admittedly, the Supreme Court has stated that once a motion to dismiss based on the lack of a *prima facie* case has been denied, "the *McDonnell-Burdine* presumption 'drops from the case' and 'the factual inquiry proceeds to a new level of specificity.'"[1] *U.S.*

---

1. With respect to whether plaintiff has made out a *prima facie* case, we do not believe that a district court would be precluded from reserving its ruling on defendant's motion to dismiss at the close of plaintiff's evidence. *Cf. U.S. Postal Service v. Aikens,* 460 U.S. at 714 n. 4, 103 S.Ct. at 1482 n. 4 (noting that the district court's denial of defendant's motion to dismiss at the close of plaintiff's evidence foreclosed a subsequent finding that no *prima facie* case had been established). The trial court could, in the interests of judicial economy, proceed to hear the remainder of the evidence on the merits. If the court later determined that a *prima facie* case had been made out, a retrial would not be necessary. If the district court, upon later re-

*Postal Service v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) (citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 255, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981)) (citations omitted). We believe that whether a case is decided pursuant to a *prima facie* showing or on the merits is of academic importance only. *See Kentroti v. Frontier Airlines, Inc.,* 585 F.2d 967 (10th Cir.1978). Our concern here is that appellant was given full opportunity to present her case concerning discrimination. *Anderson v. Albuquerque,* 690 F.2d 796 (10th Cir.1982); *Burdine, supra,* 450 U.S. at 255–56, 101 S.Ct. at 1094–95. Although the trial court spoke in terms of the *prima facie* case, it is clear from its opinion that the appellant would not have prevailed on the merits. There is no evidence "that the employer's proffered explanation is unworthy of credence." *Burdine, supra,* at 256, 101 S.Ct. at 1095 (citing *McDonnell Douglas,* 411 U.S. at 804–805, 93 S.Ct. at 1825–1826). The record amply demonstrates that the appellant had a full and fair opportunity to show discrimination—evidence of which the court found lacking.

 Appellant also challenges the trial court's rejection of her claim that Flood & Peterson failed to compensate her on an equal or equivalent basis with male employees. This claim is based on *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981), in which the Court held that the "Bennett Amendment" (42 U.S.C. § 2000e–2(h)) extended the protection of the four affirmative defenses of the Equal Pay Act to Title VII actions for sex-based wage discrimination. The Court further held that a plaintiff could recover on a claim of discriminatory compensation, although the jobs were not equal.

The trial court found that Hickman did not perform the same or similar work as the sales agents and thus was not entitled to receive the same salary. The trial court's finding that the facts did not support a Title VII claim of discriminatory compensation is not clearly erroneous.

The judgment of the district court is affirmed.

---

flection and analysis, found that plaintiff had not made out a *prima facie* case, it could make such a finding although it has heard all the evidence. The lower court's finding on the *pri-* ma facie case issue would be reviewable by the appellate court. *See e.g. Carlile v. South Routt School District, supra.*