Dr. James E. HAUN, Ph.D., Plaintiff,

v.

HUMANA INCORPORATED, Humana of Kentucky, Inc., Humana of Virginia, Inc., Alternative Delivery Systems of Mississippi, Inc., Primary Medical Management, Inc., Defendants.

Civ. A. No. C 83–0751–L(A).

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 25, 1986.

Edwin C. Lester, Louisville, Ky., for plaintiff.

Philip C. Eschels, Dorothy M. Pitt, Greenebaum Doll & McDonald, Louisville, Ky., for defendants.

## MEMORANDUM OPINION

ALLEN, Senior Judge.

This action is before the Court on Defendants', Humana, Inc., Humana of Kentucky, Inc., Humama of Virginia, Inc., Alternative Delivery Systems of Mississippi, Inc., and Primary Medical Management, Inc., Motion for Summary Judgment. Defendants allege that Plaintiff's claims are either legally insufficient as a matter of law or present no genuine issue of material fact requiring trial on the merits. Plaintiff, James E. Haun ("Haun"), brought this action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), alleging that he was not promoted because of his race to numerous positions. Plaintiff's complaint, pursuant to the Joint Stipulation entered into with the Defendants on December 3, 1984, was narrowed to individual discrimination claims in regard to thirteen positions. Haun, thus, alleges disparate treatment and must prove discriminatory *animus. Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The positions are: Health Planning Specialist; Lab Consultant; Manager of Operations; Director, Management Education and Training; Health Planning; Administrative Management Specialist; Physicians Services Coordinator; Personnel Director; Assistant Chemistry Supervisor; Regional Manager, Atlanta; Regional Manager, Cincinnati; Executive Director HMO; and Administrative Assistant for Laboratory.

In determining whether summary judgment is appropriate, the Court will separately address Defendants' alleged failure to promote Haun because of his race to the thirteen positions. First, summary judgment regarding the positions of Health Planning, Physicians Services Coordinator, Executive Director HMO, and Administrative Assistant for Laboratory is appropriate. In Haun's response to Defendants' Motion for Summary Judgment, Haun concedes that his claims regarding these four positions are groundless. Haun, however,

seeks to reserve the right to use these positions to show inconsistencies in the Defendants' promotion system. Haun, in this regard, is alleging disparate impact. Haun's disparate impact allegations are, however, contrary to the Joint Stipulation entered into December 3, 1984, limiting Haun's cause of action to Haun's individual claims of discrimination. Thus, pursuant to the Joint Stipulations and as Haun never alleged a disparate impact claim in either the charges filed with the EEOC or the complaint, Haun may not allege that Defendants' employment criterion disproportionately disqualifies a protected class from employment or promotion. Haun's cause of action will be limited to his disparate treatment claims.

The burden of proof of the parties in a disparate treatment case was stated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The complaint has the burden of showing the prima facie case of racial discrimination. He may do so merely by showing (1) that there was a vacancy (2) for which the plaintiff, a black, was qualified, and that (3) he was rejected and (4) that the job remained open or a white was given the job. *Id.* 411 U. S. at 802, 93 S.Ct. at 1824.

The Defendant may, however, rebut such prima facie showing by " 'explain[ing] what he has done' or 'produc[ing] evidence of legitimate nondiscriminatory reasons' " for his decision. *Board of Trustees v. Sweeney*, 439 U.S. 24, 25 n. 2, 99 S.Ct. 295, 296 n. 2, 58 L.Ed.2d 216 (1978). If the Defendant makes such a showing the burden then shifts to the Plaintiff to establish that Defendants' reasons were pretextual and a cover for racial discrimination. *Smith v. Flax*, 618 F.2d 1062, 1066 (4th Cir.1980). The Court in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), however, held that in a promotion or a hiring case, a claimant must show not only that another person was hired for an opening but also that the qualifications of the person hired were less than, not merely equal to, those

of the claimant. *Id.* at 258–59, 101 S.Ct. at 1096.

With respect to the nine remaining positions, Haun's attempts to allege facts contrary to matters conclusively established by the Court's September 2, 1986, Order granting Defendants' Motion to Deem Defendants' Request for Admissions to Plaintiff Admitted are insufficient as a matter of law to raise genuine issues of material fact requiring trial on the merits. Matters admitted under Rule 36 are conclusively established. *Brae Transportation, Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1445 (9th Cir.1986). Further, matters inconsistent with admissions conclusively established under Rule 36 cannot be considered by the Court in ruling upon Defendants' Motion for Summary Judgment. *Shakman v. The Democratic Organization of Cook County*, 481 F.Supp. 1315, n. 35 (N.D.Ill.1979).

As Defendants had the discretion to choose among equally qualified candidates, Haun has the burden of establishing that he is more qualified than the individuals chosen. *Jones v. First Federal Savings and Loan Association*, 546 F.Supp. 762, 771–72 (M.D.N.C.1982), *Mason v. Continental Illinois National Bank*, 704 F.2d 361 (7th Cir.1983). Accordingly, based upon Haun's admissions made under Rule 36, conclusively establishing that each of the individuals hired or promoted to the positions of Director, Management Education and Training, Personnel Director, Manager of Operations, Health Planning Specialist, Lab Consultant and the two Regional Manager positions had more of the work experience required for each position than Haun, Defendants' Request for Admissions, Nos. 3, 5, 6, 8, 9, 10 and 11, Haun cannot meet the burden of showing that he was more qualified for these positions. Summary judgment, therefore, regarding the positions of Health Planning Specialist; Lab Consultant; Manager of Operations; Director, Management Education Training; Personnel Director; Regional Manager, Atlanta; and Regional Manager, Cincinnati, is appropriate.

Specifically, Haun claims that Humana changed the qualifications of the position of Health Planning Specialist after he applied. Even accepting Haun's claim, the qualifications required the candidate to have three to five years experience in a planning or health care delivery position. Joseph Poisson, the individual hired, had over seven years of full-time work experience as a health planner. Haun, in fact, had no experience in long or short range health planning for hospitals or other health care institutions. Although the "Health Planning Specialist" advertisement that appeared in the Courier-Journal on April 26, 1981, stated that the "[p]referrable candidate would have BS in health planning, health administration, health economics, or MHA with 2-4 years planning experience," the qualifications for this position were clearly based upon work experience and not educational experience. Accordingly, Haun cannot prove that he was more qualified than Poisson.

In regard to the position of Lab Consultant, the record indicates that Haun admitted under Rule 36 that he lacked hospital lab management experience. Defendants' Request for Admissions, Nos. 9(b), (c), (d), and 18. Jan Ahrens, Haun's boss who had five years of hospital lab management experience with Humana was promoted. Haun, however, according to his own admission, had no hospital lab management experience and cannot meet his burden of proving that he was more qualified than the individual chosen.

Haun claims that he was more qualified for the position of Manager of Operations than the person chosen. The qualifications for this position required three to five years of full-time management experience in the health care field. Haun, however, admitted that the individual chosen for the position had more directly-related work experience. Defendants' Request for Admissions, No. 6(b), (c), (d). Haun, therefore, cannot assert, contrary to his admissions under Rule 36, that he was more qualified.

In regard to the position of Director, Management Education and Training,

Haun claims that there is an issue of fact regarding the qualifications of the individual hired and himself. The qualifications for this position required four years work experience in corporate education with at least three years managing or directing programs and a M.S. or M.A. in Education or Administration. Haun specifically alleges that Richard Grenough, the individual hired, had no M.S. or M.A. in Education or Administration. Richard Grenough's resume, however, lists three graduate degrees, in addition to thirty hours of training in industrial supervision. Grenough clearly had seven years of corporate education experience training managers and developing, managing, and directing corporate educational programs on a full-time basis. Haun, however, who had no experience working in corporate management and training programs, fails to show that he was more qualified than the individual hired. Further, Haun admitted under Rule 36 that he had no corporate education background and that Grenough had more directly-related work experience. Defendants Request for Admissions, Nos. 3(b), (c), (d), and 17.

Haun also contends that the qualifications for Personnel Director were changed in order to deny him promotion into that position. Haun claims that the Personnel Director had been required to have a masters degree. Haun states, however, that the prior job description is unavailable. The issue, however, to be determined is whether Haun was more qualified than the individual chosen. The qualifications for Personnel Director required two years of full-time experience in personnel, preferably in a hospital. Greg Gibson, the individual chosen, had nearly two years of directly-related, full-time work experience as the Personnel Director of a Humana Hospital. Haun, in contrast, had never worked in hospital personnel. Further, Haun admitted during his deposition that he had less work-related personnel experience in hospitals than Gibson. Haun Deposition, p. 225. Further, Haun admitted under Rule 36 that the individual chosen had superior, directly-related work experience for this position

while he did not. Defendants' Request for Admissions, Nos. 5(b), (c), (d) and 16. Haun, thus, cannot show that he was more qualified than Gibson and Humana is therefore entitled to summary judgment in this regard.

Haun alleges that there is a genuine issue of fact as to whether he was as qualified as the individual chosen for the position of Regional Manager, Atlanta. The position required three to five years of management experience in the health care field. Ronald Campbell, the individual chosen, had a total of eleven years experience, including three years as a regional manager of ten hospitals in five states and eight years as an assistant director of administration of hospitals. Haun has no experience as a regional manager or administrator of hospitals although he was lab director of a clinic supervising six to twelve individuals. Further, Haun admitted under Rule 36 that the individual chosen had more directly-related work experience in the areas required for this position. Defendants' Request for Admissions, No. 11(b), (c), (d). Accordingly, Defendants are entitled to summary judgment as a matter of law.

Haun also alleges that a genuine issue of fact exists as to whether he was as qualified as Jon Bernier, the individual chosen for the position of Regional Manager, Cincinnati. This position also required three to five years of management experience in the health care field. Notwithstanding that Haun admitted under Rule 36 that Bernier had more directly-related work experience, Defendants' Request for Admissions, No. 11(b), (c), (d), and cannot now dispute a matter conclusively established, Haun cannot show that he was more qualified than Bernier. Bernier's work experience included managing the Department of Medicare at the University of Kentucky Medical Center. That position involved managing fifty-seven faculty, 156 staff, and ninety-two residents with a budget of $8,000,000.00. Haun's management experience in the health care field, as previously stated, consisted of supervising six to twelve people at a neighborhood clinic.

There is, thus, no genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law.

Further, Haun's admission made under Rule 36 conclusively establish that he voluntarily withdrew his application for the position of Assistant Chemistry Supervisor on September 11, 1981. Defendants' Request for Admissions, No. 1. Consequently, there is no genuine issue of material fact requiring a trial on the merits and Defendant Humana of Kentucky, Inc. is entitled to summary judgment as a matter of law regarding the position of Assistant Chemistry Supervisor.

Further, Haun applied for a position in the Administrative Management Specialist Program ("Program") but was not chosen. Haun contends that if he had been accepted into the Program and completed it, he would likely have been promoted. Haun's allegations, however, contradict his admission under Rule 36 that Humana required internal candidates for the Program to have two years management experience with Humana. Defendants' Request for Admissions, No. 19(c). Although Haun could oppose Defendants Motion for Summary Judgment in this regard based on the fact that Michael Muldoon, an internal candidate admitted into the Progarm, may not have had two years management experience with Humana, Haun must be held to his admission as conclusively established under Rule 36 that all internal candidates accepted into the program in 1981 had the required qualification while he did not. Defendants' Request for Admissions, No. 19(b), (c). Humana, therefore, is entitled to summary judgment as a matter of law regarding the position of Administrative Management Specialist.

Furthermore, in view of these rulings the Court does not address Defendants' contentions that Haun cannot assert a "continuing violation" theory regarding seven positions for which Haun failed to file timely charges with the EEOC or that Haun's claim under § 1981 regarding eight posi-

tions should be dismissed as barred by the applicable statute of limitations.

A judgment in accordance with this opinion will be entered this day.