**Dr. Julia Prewitt BROWN, Plaintiff,**

v.

**TRUSTEES OF BOSTON UNIVERSITY,**
**Defendant.**

**Civ. A. No. 81–2589–S.**

United States District Court,
D. Massachusetts.

Nov. 5, 1987.

Kathryn M. Noonan, Dahlia Rudavsky, McDonald & Noonan, Newton, Mass., for plaintiff.

Sandra Sue McQuay, Robert M. Hale, Goodwin, Procter & Hoar, Boston, Mass., for defendant.

MEMORANDUM ON PLAINTIFF'S CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT AND M.G.L. c. 151B AND ORDER FOR JUDGMENT

SKINNER, District Judge.

This case went to trial before a jury on Count I of the complaint and a verdict was returned for the plaintiff in the amount of $200,000. This verdict was accompanied by the jury's answer to a special interrogatory which reflected a finding that the plaintiff had been denied tenure because of sex-based discrimination. This finding is binding on the court with respect to its finding on the remaining counts of the complaint alleging claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and the state civil rights act, M.G.L. c. 151B, which were tried to the court. *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974).

The jury's finding is determinative of liability under these two statutes; there remains only considerations of the relief to be awarded. The plaintiff seeks reinstatement in tenured status as an associate professor of English, immediate promotion to a full professor, a paid sabbatical, and an order for the defendant to make retirement contributions equivalent to the contributions which would have been made had she been awarded tenure at the proper time. She seeks damages for emotional distress under M.G.L. c. 151B, an order requiring non-discriminatory treatment in future promotions and an order requiring public posting of the result in this case.

A. *Reinstatement*

The parties agree, correctly, that the question of reinstatement is addressed to the sound direction of the court. It is a fairly common remedy in non-academic sit-

uations. Because of the special responsibility of university trustees and the lifetime span of academic tenure, our court of appeals has warned us to be more circumspect in tenure cases than in other cases. *Kumar v. Board of Trustees, University of Massachusetts,* 774 F.2d 1 (1st Cir.1985). But we are not to avoid our responsibilities under the statute out of undue deference to university administrations. *Sweeney v. Board of Trustees, Keene State College,* 569 F.2d 169, 176 (1st Cir.), *vacated and remanded on other grounds,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978).

■ In my view, the statutory mandate to give complete relief would best be served by an order requiring reinstatement as a tenured associate professor in the absence of a compelling reason to the contrary. It would not appear from evidence in this case that Professor Brown would encounter such hostility on her return as would interfere with her productive life at the university. She apparently is well regarded by her academic colleagues. Insulation from retaliation by the administration can be provided by an appropriate order of this court. There seems little risk that Boston University will be stuck with an unqualified person on its faculty, judging from the evidence in the case, although there was some dispute as to the quality of her scholarship. This case is distinguishable in this respect from my resolution of this issue in *Fields v. Clark University,* 40 FEP 670 (D.Mass.1986) [Available on WESTLAW, 1986 WL 5350], reversed with respect to allocation of burden of proof, 817 F.2d 931 (1st Cir.1987).

Accordingly, an order shall enter requiring the Trustees of Boston University to reinstate the plaintiff as an associate professor of English, with tenure.

### B. *Damage for Emotional Distress*

■ In my opinion, damages for emotional distress may be recovered under M.C.L. c. 151B. *Bournewood Hospital, Inc. v. M.C.A.D.,* 371 Mass. 303, 358 N.E.2d 235 (1976); *College–Town, Division of Interco, Inc. v. M.C.A.D.,* 400 Mass. 156, 508 N.E.2d 587 (1987). I do not read into these decisions any restriction to a case involving extreme conduct nor do I think that the distinction noted between sections 5 and 9 of c. 151B require treatment of privately instituted cases with respect to these damages that is any different than the treatment of cases instituted by MCAD.

The damages awarded in these cases have been very modest. Our court of appeals has approved of the award of substantial damages for emotional distress in an employment case brought under 42 U.S.C. § 1981, but there was evidence of harassment of the plaintiff for a period of years. *Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194 (1st Cir.1987).

I would suppose the usual rules governing damages would apply. For instance, it is reasonably predictable that denial of tenure will cause the applicant emotional distress. I conclude that part of the emotional distress in this case was a facet of the plaintiff's highly strung personality and her highly developed expectations for herself. But it is also a general rule of damage that a defendant takes the plaintiff as she is, and takes the risk that she may be unusually susceptible to particular sorts of harm. On the other hand, denial of tenure is a well-known risk of academic life, and may be visited on extremely qualified applicants for a variety of reasons, including the quality of the competition, the need of the institution for the applicant's specialty and budgetary constraints. The defendant was also entitled to expect some degree of emotional preparedness for such an eventuality.

There were no extreme circumstances. In fact, the defendant offered to soften the blow by giving the plaintiff an additional three-year contract. The plaintiff, however, considered this an additional insult.

Testimony on emotional distress was offered by the plaintiff herself and her therapist, a psychologist, whom she had consulted for a variety of problems before the denial of tenure. There was evidence of a period of depression resulting from the denial of tenure. These two witnesses also extended the area of damage to the plaintiff's unsatisfactory relationship with her

first child, who was born during the pendency of the tenure controversy. The plaintiff was then in the middle of an acrimonious dispute with her first husband, which led to a divorce. Many parents find difficulty with a first child under the best of circumstances. In the midst of this marital discord it is no surprise that the child was unhappy, a circumstance that in my view should not be charged to Boston University.

An award of damages for emotional distress is necessarily imprecise. I award damages in the amount of $15,000, with interest from the date of the filing of the complaint in accordance with the Massachusetts rule.

### C. Other Claims for Relief

The plaintiff has requested various other benefits, such as immediate promotion to full professor, a year's paid sabbatical right off the bat upon reinstatement, additional payments into her pension fund, continued supervision and posting.

In my view, the extremely generous award of the jury plus reinstatement plus damages for emotional distress constitute sufficient relief in this case. Granting of a sabbatical and promotion to full professor would be an interference by the court in the administration totally unwarranted by the evidence in this case. No posting is required. This case has received extensive publicity locally and nationally, and particularly in the academic community. In an abundance of caution, however, I will include in this order a prohibition against future discriminatory conduct in general and in particular with reference to the plaintiff.

A final judgment shall be entered in accordance with the foregoing, and with the jury's award on Count I of the complaint. The plaintiff shall recover her reasonable attorneys' fees and expenses of suit.