**Ruth Ann BURDETTE, Plaintiff,**

v.

**FMC CORPORATION, Defendant.**

Civ. A. No. 82–2389.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 30, 1983.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Currently pending before this Court are three motions by Defendant FMC Corporation (FMC): (1) to strike Plaintiff's class allegations; (2) for summary judgment upon Plaintiff's defamation claim; and (3) for summary judgment upon Plaintiff's Title VII claim. Defendant's motion to strike is based upon Plaintiff's failure to move this Court for certification of her suit as a class action pursuant to *Rule* 23, Federal Rules of Civil Procedure; a second ground is Plaintiff's inability to identify even one similarly situated female employee.

The summary judgment motion respecting Plaintiff's defamation claim is also based upon two grounds: First, that the one year statute of limitations set forth in *W.Va.Code,* § 55–2–12(c) expired prior to the filing of this action, and second, that the privilege extended to publication of truthful statements by *W.Va.Code,* § 57–2–4 provides Defendant an absolute defense.

Plaintiff has submitted no response to either of the aforementioned motions, and the Court has been advised that none *will* be filed. Defendant's summary judgment motion challenging the Title VII claim, based upon Plaintiff's alleged failure to present a *prima facie* case of discrimination has, however, been fully briefed, with both sides supporting their positions by reference to exhibits submitted therewith. All motions are thus in a posture for decision by this Court.

Federal question jurisdiction is alleged by Plaintiff in her complaint under 42 U.S.C. § 2000e–5(f) and 28 U.S.C. § 1343(4); jurisdiction over Plaintiff's pendant state claim is invoked pursuant to 28 U.S.C. § 1332.[1] In this action Plaintiff seeks redress in equity for the alleged deprivation of her right to freedom from unlawful sex discrimination, which, she contends, resulted when:

"Defendant ... placed undue employment pressures upon Plaintiff and ...

Richard L. Withers, Carter Zerbe, Hickok & Withers, Charleston, W.Va., for plaintiff.

Charles Q. Gage, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for defendant.

---

1. Further, declaratory relief is sought under the provisions of 28 U.S.C. § 2201 and § 2202.

discharged Plaintiff from employment due to Plaintiff's personal involvement with a male employee which male employee received no disciplinary action or other punishment, demotion, or discharge from employment as a result thereof." (Complaint, p. 4).

As relief, Plaintiff requests a permanent injunction be issued, restraining Defendant from discriminating against her or any other female persons "in this class" with respect to compensation, terms, conditions and privileges of employment or otherwise adversely affect their employee status because of sex. Monetary relief is also sought for the denial of her rights, as well as expenses incurred incident thereto. The pendant state claim, as noted, sets forth a cause of action grounded in defamation, wherein Plaintiff requests damages for "injury and distress" suffered by reason of Defendant's alleged reckless publication of rumors concerning her private life. Defendant has denied all of Plaintiff's allegations other than that Plaintiff is a female and was for a period of time in its employ.

### I. Motion to Strike Class Allegations

Plaintiff's class allegations, the subject of Defendant's motion to strike, are set forth in the following language:

"Plaintiff brings to [sic] this action on her own behalf and on behalf of all persons similarly situated pursuant to *Rule* 23(b)(2), Federal Rules of Civil Procedure. The class the Plaintiff represents is composed of all female persons who are employed, or might be employed by Defendant, who have been and continue to be or might be adversely affected by the practices complained of herein. There are common questions of law and fact affecting the rights of the members of this class who are and continue to be limited, classified, and discriminated against in ways that deprive and tend to deprive them of equal employment opportunities and otherwise adversely affect their status as employees because of sex. These persons are so numerous that joinder of all members is impracticable. A common relief is sought. The interests of such

class are adequately represented by Plaintiff. Defendant has acted or refused to act on grounds generally applicable to the class." (Complaint, pp. 3–4).

Defendant challenges Plaintiff's attempt to maintain this suit as a class action on both substantive and procedural grounds. In support of its argument, it points to Plaintiff's own deposition, wherein she stated that she knew of no other female employee at FMC who had been discharged or otherwise discriminated against due to a relationship with a male co-worker. (Burdette deposition, p. 102, Defendant's Exhibit 1).

■■■ By definition, an essential prerequisite to a class action is the existence of a "class;" some elements of commonality must exist to treat a category of persons as a class. *Kremens v. Bartley,* 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); *Hill v. Western Electric Co., Inc.,* 596 F.2d 99 (4th Cir.1979). *See Brown v. Eckerd Drugs, Inc.,* 663 F.2d 1268 (4th Cir.1981) *rehearing denied* 669 F.2d 913. The fact that Plaintiff is a member of a protected group does not, without more, justify certification of a class unless the Plaintiff's claims are typical of the class. *Id.; Crawford v. Western Electric Company,* 614 F.2d 1300 (5th Cir. 1980); *Palmer v. Thompson,* 391 F.2d 324 (5th Cir.1967) *affirmed* 403 U.S. 217, 91 S.Ct. 1940, 29 L.Ed.2d 438 (1971). Employment discrimination class actions can be brought only by one who has suffered the same injury sustained by the class. *Movement for Opportunity and Equality v. General Motors Corporation,* 622 F.2d 1235 (7th Cir.1980). When the complaint alleges facts "relate[d] solely to Plaintiff's personal grievances," denial of certification is proper. *Patterson v. General Motors Corporation,* 631 F.2d 476 (7th Cir.1980) *cited in Brown v. Eckerd Drugs, Inc., supra* at n. 6.

■■■ Title VII contains no special authorization for class actions brought by private parties: The Rule 23(a) requirements of numerosity, commonality, typicality and adequacy of representation must be met by specific identification of law or fact questions in common between Plaintiff and the

putative class members.[2] *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). By Plaintiff's own admission, these requirements have not been met. Because this Court has determined that Plaintiff has not made the showing necessary under *Rule* 23(a) to maintain her suit as a class action, Defendant's procedural argument need not be addressed.[3]

## II. *Motion for Summary Judgment on the Defamation Claim*

Defendant's argument in support of this motion has two prongs: The first relates to statements about Plaintiff allegedly made by its agents *prior* to Plaintiff's termination from employment; the second addresses statements published *after* Plaintiff's termination. The pre-termination statements, Defendant contends, are barred by the one-year statute of limitations set forth in *W.Va.Code,* § 55–2–12 held applicable by *Cavendish v. Moffett,* 253 S.E.2d 558 (W.Va.1979), while the post-termination statements are protected by the "justification" of truth provision contained in *W.Va. Code,* § 57–2–4.

With respect to the first prong, the Court is not convinced that a continuing course of conduct such as that alleged here may be divided, as Defendant has done, for consideration of the statute of limitations issue. However, because the Court is persuaded that Plaintiff has admitted the truth of the allegedly defamatory publications, it is of the opinion that summary judgment must be rendered for the Defendant.

Summary judgment is appropriate when all of the pleadings, depositions and other documents in the record reveal no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. *Rule* 56(c), Federal Rules of Civil Procedure. *See Bland v. Norfolk and Southern Ry. Co.,* 406 F.2d 863 (4th Cir.1969). Although Defendant in its answer denied publishing any defamatory statements about the Plaintiff, it argues that, for the purposes of the instant motion, it is entitled to judgment even assuming the statements were made. The Court agrees.

Plaintiff's defamation claim is based upon Defendant's action in "recklessly publishing rumors and allegations concerning [her] private life" (Complaint, p. 5); significantly she does not contend that the statements were false, in all probability because such a contention would have presented a fatal inconsistency with her main claim. The position Plaintiff assumed with respect to her discrimination charge was that she was having an affair with a male co-worker, and that she received discriminatory treatment as a result of her sex when the situation was dealt with by supervisory agents of FMC. (*See* Complaint, p. 4). The existence of the relationship was freely conceded by Plaintiff during her deposition. (Burdette deposition at 116–117, 137).

Under West Virginia law, a distinction is drawn between libel and slander with respect to the effect of a defense of

**2.** The United States Supreme Court stated in *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) that although "suits alleging ... discrimination are often by their very nature class suits, involving classwide wrongs ... careful attention to the requirements of Fed. Rule Civ.Proc. 23 remains nonetheless indispensable." *Id.* at 402, 97 S.Ct. at 1896.

**3.** Defendant's alternative argument was that Plaintiff had failed to move for certification of the suit "as soon as practicable after the commencement of [the] action" to secure the determination necessary to maintain her case as such. *Rule* 23(c)(1). The burden of producing facts necessary to meet the prerequisites of

subsection (a) is, indeed, upon the Plaintiff and failure to bring the matter before the Court for determination is fatal to certification. *Carracter v. Morgan,* 491 F.2d 458, 459 (4th Cir.1973). Certification is not a perfunctory act. *Doctor v. Seaboard Coastline R. Co.,* 540 F.2d 699 (4th Cir.1976); *Windham v. American Brands, Inc.,* 565 F.2d 59, 64, n. 6 (4th Cir.1977) *cert. denied,* 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58; *Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1312–1315 (4th Cir.1978); *Belcher v. Bassett Furniture,* 588 F.2d 904, 906 (4th Cir.1978). Either of the substantive or procedural grounds relied upon by Defendant here would, in and of itself, be sufficient to preclude class relief.

truth. In *McClaugherty v. Cooper,* 39 W.Va. 313, 19 S.E. 415 (1894), still the governing law in West Virginia, the state Supreme Court held that although a defendant must show good intent and justifiable ends when publishing truthful statement about a plaintiff *in print*[4] the same showing was not required when an *oral* publication constituted the basis for a claim. *McClaugherty* held that, in an action for slander, truth alone is an absolute defense. *Id.* at 314–15, 19 S.E. 415.

Accordingly, there being no genuine issue of material fact which would preclude summary judgment, the Court finds that Defendant is entitled to judgment upon Plaintiff's defamation claim as a matter of law.

### III. *Motion for Summary Judgment on the Title VII Claim*

Defendant's motion for summary judgment on this claim is based upon Plaintiff's alleged failure to establish a *prima facie* case of discrimination. Plaintiff's cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* is, Defendant argues, unsupported by substantial evidence and predicated solely upon her own conclusions respecting the cause of her termination. In support of its contentions, Defendant has submitted numerous exhibits detailing the course of evaluative discussions had between FMC supervisors and both Plaintiff and Plaintiff's friend, Mr. Don Lewis. Plaintiff has submitted a memorandum in opposition to the motion, also relying on exhibits and affidavits attached thereto, to support her claim that a *prima facie* case of discrimination has been established and that genuine issues of fact are in dispute. The Court is of the opinion that, viewing the pleadings and supporting papers in the light most favorable to the Plaintiff, *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), Defendant's motion for summary judgment on this claim must be denied.

Substantial argument was devoted by both parties to a discussion of precisely which elements constituted a *prima facie* case of discrimination under the circumstances presented here. Defendant correctly points out that the seminal case outlining the requisite showing under Title VII in a hiring situation is *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); the Court cannot agree, however, that this case requires a ritualistic application of the *McDonnell Douglas* factors either on a motion for summary judgment or at trial. For the Court to require Plaintiff to present her case of discriminatory discharge in the form intended to suit a discriminatory *hiring* charge would be to set Plaintiff the task of pounding a square peg into a round hole, to borrow a well-worn cliche.

The *prima facie* case outlined by the Supreme Court in *McDonnell Douglas* was composed of the following elements:

1. That Plaintiff is a member of a protected class;

2. That Plaintiff is qualified for the job sought;

3. That Plaintiff was rejected for hiring; and

4. That after his rejection the Defendant continued to look for employees with his qualifications for the position. *Id.* at 802, 93 S.Ct. at 1824.

Although this standard establishes without question the requisite measure of proof necessary to raise an inference of discrimination in the hiring sphere, the *McDonnell Douglas* court itself noted that "[t]he facts necessary will vary in Title VII cases, and the specification above of the *prima facie* proof required from Respondent is not necessarily applicable in every respect in differing factual situations." *Id.* Thus, although the Court's action in particularizing those elements provides a "sensible, orderly way to evaluate evidence in light of common experience," it was "never intended to be rigid, mechanized, or ritualistic." *Furnco Production Co. v. Waters,* 438 U.S.

---

4. This conclusion was mandated by the provisions of Article III, Section 8 of the West Virginia Constitution.

567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978).

"The 'factual inquiry' in a Title VII case is 'whether the defendant intentionally discriminated against the plaintiff.' [*Texas Department of Community Affairs v.*] *Burdine,* [450 U.S. 248,] 253 [101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 1981]." *U.S. Postal Service Board of Governors v. Aikens,* —— U.S. ——, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). The Plaintiff's burden, as enunciated in a *prima facie* case, is to raise an inference of discrimination by proffering evidence of acts which, "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco, supra,* 438 U.S. at 577, 98 S.Ct. at 2949.

The court's decision in *Burdine* emphasized the purpose of requiring plaintiff to establish the showing required by a "*prima facie* case": That is, to "eliminate the most common nondiscriminatory reasons for the [act complained of]." *Burdine, supra,* 101 S.Ct. at 1094. *See Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977). In *Aikens, supra,* the Supreme Court expressed surprise that the parties and the Court of Appeals were still, at that level, discussing the issue of whether plaintiff had made out a *prima facie* case. *Aikens, supra,* 103 S.Ct. at 1481. Its opinion was that each had, by doing so, "unnecessarily evaded the ultimate question of discrimination *vel non.*" *Id.*

This Court is of the opinion that cases such as *Otis v. Inland Container Corp.,* 25 F.E.P. 1280 (N.D.Ill.1981), cited by Defendant, unnecessarily confuses the development of a plaintiff's case by applying the *McDonnell Douglas* formula as a "wooden absolute." *McDonnell Douglas, supra,* 411 U.S. at 802, n. 13, 93 S.Ct. at 1824, n. 13. Thus this Court chooses to accept the leeway granted by *McDonnell Douglas* to fashion a *prima facie* case which will suit the circumstances presented here.

 There is no question but that Title VII requires disciplinary measures in employment be imposed without regard to the sex or race of the offenders. *See e.g., U.S. v. Lee Way Motor Freight, Inc.,* 7 E.P.D. 9066 (D.Okla.1973); *Kroker v. Boeing Co. (Vertol Div.),* 437 F.Supp. 1138, 1191 (E.D.Pa.1977); *Worthy v. United States Steel Corp.,* 616 F.2d 698, 703 (3d Cir.1980); *Corley v. Jackson Police Department,* 566 F.2d 994, 999–1000 (5th Cir.1978); *Capers v. Long Island R.R.,* 429 F.Supp. 1359, 1366 (S.D.N.Y.1977); *EEOC Dec.* 71–2678, CCH EEOC Dec. ¶ 6287, 4 F.E.P. 25 (1971). *See McDonnell Douglas, supra,* 411 U.S. at 804, 93 S.Ct. at 1825 (wherein the court stated that discrimination might be established through "evidence that white employees involved in acts against [the employer] of comparable seriousness . . . would nevertheless [be] retained or rehired.") The ultimate issue in the area of disparate disciplinary treatment has been framed generally as follows: Whether members of a protected group were accorded different treatment than nonmembers engaged in similar activity. *See Worthy v. United States Steel Corporation, supra,* at 703. *See generally* 2 *Larson Employment Discrimination,* § 50.-22 (1982). This Court, then, guided by both the holding in *McDonnell Douglas* and subsequent cases addressing the area of disparate treatment, would frame the *prima facie* elements of Plaintiff's case as follows:

1. That Plaintiff is a member of a protected class;

2. That Plaintiff and a nonmember engaged in similar prohibited activity; and

3. That disciplinary measures enforced against Plaintiff were more severe than those imposed upon the nonmember.

The Court is aware that the burden placed upon Plaintiff here varies from that enunciated in *McDonnell Douglas.* However, the purpose which a *prima facie* case is intended to serve, that is, merely to raise an inference of discrimination by showing acts which, *if otherwise unexplained,* are more likely than not based upon impermissible factors, *Furnco, supra,* 438 U.S. at 577, 98 S.Ct. at 2949; the *prima facie* case formulated by this Court achieves that function.

It is necessary to emphasize here that Defendant's burden of production is not being increased in any way under this holding. The Court would merely find that, should Plaintiff provide proof of the factors listed above, Defendant then assumes the burden of producing evidence to raise a genuine issue of fact as to whether it discriminated against the Plaintiff. *Burdine, supra,* 101 at 1094. Defendant need not persuade the trier of fact that it was actually motivated by the proffered reason. *Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 25, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978); *Burdine, supra,* 101 S.Ct. at 1094. Once such production has been accomplished, the presumption of discrimination drops from the case; in effect, Plaintiff retains the burden of persuasion throughout. *Id.* 101 S.Ct. at 1095; *Brown v. Eckerd Drugs, Inc., supra.*

The fact that the ultimate burden of proof remains with the Plaintiff is important to consider in relation to the manner in which this Court has framed the *prima facie* showing. It is noted that *McDonnell Douglas'* second element, that Plaintiff prove her qualifications for the position she occupied, has been omitted in this action. The reason is that, as noted by several commentators, while the requirement of qualification carries primary significance in the hiring sphere, a plaintiff who is already in the employ of a defendant can, for the purposes of a *prima facie* showing, be presumed qualified merely by the fact of her employment. 3 *Larson Employment Discrimination, supra,* § 86.40 at 17–18.1. The Court is of the opinion that a demonstration of Plaintiff's qualifications is more appropriate as proof of the pretextual nature of Defendant's justification than as a part of her initial burden. However, as noted by the Supreme Court in *Burdine,* proof of pretext "merges with the ultimate burden of persuading the court that [Plaintiff] has been the victim of intentional discrimination. She may succeed in this either directly by persuading the Court that a discriminatory reason more likely motivated the employer [i.e., through her *prima facie* case], or indirectly by showing that the employer's proffered explanation is unworthy of credence [i.e., through proof of pretext]." *Burdine, supra,* 101 S.Ct. at 1095. *See McDonnell Douglas, supra,* 411 U.S. at 804–805, 93 S.Ct. at 1825. *See also Aikens, supra,* 103 S.Ct. at 1483 (Blackmun, J. concurring).

The same reasoning applies to this Court's omission of the fourth *McDonnell Douglas* factor, i.e., that the Defendant continued seeking an employee of Plaintiff's qualifications. In *Equal Employment Opportunity Commission v. Federal Reserve Bank of Richmond,* 698 F.2d 633 (4th Cir. 1983), the Fourth Circuit Court of Appeals discussed this requirement with reference to Defendant's "legitimate business purpose" defense,[5] commenting that "a *prima facie* case of alleged discriminatory denial of promotion would be rebutted by a showing of superior qualifications of the person employed over the Plaintiff...." *Id.* at n. 6. Since the issue here revolves around whether Defendant did, in fact, discharge Plaintiff merely because of the prohibited activity also engaged in by her co-employee who was *not* discharged, the Defendant's continued seeking of a person with Plaintiff's qualifications or superior qualifications is more relevant to Defendant's defense, and to Plaintiff's proof of pretext, if it is relevant.

The fact is, of course, conceivable that Defendant will not raise this defense. What this signifies to the Court is, however, that the element of "continued seeking" is not truly relevant to a disparate treatment discharge case. The Fifth Circuit Court of Appeals in *Peters v. Jefferson Chemical Co.,* 516 F.2d 447, 450 (5th Cir.1977), while finding it unnecessary to directly decide this issue, did comment that the fact that Defendant did not attempt to fill Plaintiff's position after her termination did not necessarily preclude the establishment of a *prima facie* case. Its comment that "[t]he decision not to fill the position came *after* Plaintiff's

---

5. The quoted language is this Court's characterization of the defense.

rejection" *Id.,* reinforces this Court's opinion that discrimination in a discharge situation such as this may occur *whether or not* the Plaintiff's position was later filled.[6]

The later case of *King v. New Hampshire Department of Resources and Economic Development,* 420 F.Supp. 1317, 13 F.E.P. 1056 (D.N.H.1976) *affirmed* 562 F.2d 80, 15 F.E.P. 669 (1st Cir.1977) has been characterized as holding that "where discriminatory animus can be and has been shown, sufficient inference of discriminatory decision making can be drawn even if the standard fourth element of the *McDonnell Douglas* formula is dispensed with." 2 *Larson Employment Discrimination, supra,* § 50.31(f) at 10–27. In a disparate discharge situation, the effect of facially neutral policies are not at issue; as noted by the Supreme Court in *Teamsters v. United States, supra,* 431 U.S. at 335, 97 S.Ct. at 1854, n. 15, in such a case "proof of discriminatory motive is critical...."[7] Thus, in disparate treatment cases such as this, where proof of the Defendant's intent will become critical, the continued seeking element "may be dispensed with." 2 *Larson Employment Discrimination,* § 50.31(f) at 10–27.

That Plaintiff has alleged facts sufficient to defeat summary judgment on her Title VII claim is clear. Indeed, the Equal Employment Opportunity Commission held directly in a situation almost identical to that presented here, *Decision of EEOC,* No. 71–2678, CCH EEOC Dec. 6287, 4 F.E.P. 24 (1971), that where, as here, an affair between a male and a female co-worker resulted in the termination of the female and a scolding for the male, the charging party had stated a claim for relief under Title VII. In its decision, the EEOC stated that:

"The evidence summarized above supports a conclusion that at least part of the reason why Charging Party was disciplined more severely than the male was that Charging Party was a female... Where similarly placed persons of different sexes receive dissimilar treatment, it is reasonable to infer that sex was a factor in the dissimilar treatment." *Id.*[8]

Its conclusion was that reasonable cause existed to believe that "respondent employer ... engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 by discharging Charging Party because of her sex, as alleged." *Id.*

It is manifest that genuine issues of fact have been presented in the instant case; the grounds upon which Defendant relies to support summary judgment do no more than preserve its defenses against judgment for the Plaintiff. The EEOC decision under discussion is instructive. The Commission there acknowledged respondent's defense that charging party "would have been fired anyway," as Defendant contends here, but found that in the absence of evidence that she was warned discipline stemming from poor performance was imminent, her termination was based at least in part upon an unlawful consideration. Such rebuttal was held essential to overcome the presumption of discrimination created after the presentation of charging party's case. Since such evidence has been proffered here, a genuine issue of fact exists concerning the alleged pretextual nature of the justification.

The same result obtained upon a second issue. Charging party's male friend testified that his work performance was more

6. While, as noted, the Fifth Circuit found it unnecessary to decide the point, it strongly implied that other evidence of discrimination "would have been sufficient to establish a *prima facie* case, despite the lack of proof as to the precise final criteria involved in *McDonnell Douglas* ...." *Id.* at 450.

7. Later in the paragraph just quoted, the *Teamsters* court emphasized that intent may be inferred from the mere fact of differences in

treatment. Both *McDonnell Douglas, supra,* and *Aikens, supra,* reaffirm the proposition that discriminatory intent need not be directly proven.

8. This case, as well as those previously cited for the proposition that unequal treatment in discipline constitutes a cause of action under Title VII, support the manner in which this Court has framed the *prima facie* case here.

adversely affected than hers was, but that he was merely "talked to" by respondent's president, and was not otherwise disciplined. The EEOC found the absence of evidence in refutation critical. Here, the record shows that Mr. Lewis' work performance was unquestionably affected to some degree as a result of his relationship with the Plaintiff; any differentiation to be drawn between the negative effect on each's productivity, and the discipline made necessary thereby, presents a genuine issue of material fact which would preclude summary judgment.

■ The circumstances presented in this case, as described by the parties in their briefs on the instant motion, narrow the issues to one: That is, whether the justification proffered by Defendant for Plaintiff's termination was actual or pretextual.[9] Obviously, an employer may fire its employee for poor work performance; such a maxim requires no citation. However, when gender-based bias is a contributing factor in an employer's decision to terminate, impermissible discrimination exists. *Coleman v. Missouri Pacific Rd.,* 622 F.2d 408 (8th Cir. 1980); *Barnes v. Costle,* 561 F.2d 983, 990–92 (D.C.Cir.1977); *Gillin v. Federal Paperboard Company,* 479 F.2d 97 (2d Cir.1973); *Sprogis v. United Airlines, Inc.,* 444 F.2d 1194, 1198 (7th Cir.) *cert. denied,* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971). Plaintiff has submitted affidavits tending to establish her work performance was adequate; Defendant has countered with personnel records detailing complaints respecting Plaintiff's clerical abilities. These conflicting positions must be resolved by the trier of fact after a full hearing. It is, therefore, manifest that summary judgment upon Plaintiff's Title VII claim must be denied.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to strike Plaintiff's class allegations is granted;

2. Defendant's motion for summary judgment on Plaintiff's defamation claim is granted; and

3. Defendant's motion for summary judgment on Plaintiff's Title VII claim is denied.

---

**9.** Those allegations pointed out by Defendant in its memorandum as separately charged acts of discrimination are viewed by this Court merely as evidence of Plaintiff's complaint that she was discharged because of her affair with Mr. Lewis on the basis of her sex.