**Stephen CAPPS, Plaintiff,**

v.

**SOUTHEAST PACKAGING CORPORATION,
Defendant.**

**Civ. A. No. C83–1168A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 12, 1984.[*]

---

[*] This opinion, previously published at 600 F.Supp. 11, is republished to reflect corrections made in the appearances of counsel.

420

Virginia B. Garrett, Douglasville, Ga., for plaintiff.

Daniel S. Bowling, III, Smith, Currie & Hancock, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This action for alleged employment discrimination is presently before the court on defendant's motion for summary judgment. Plaintiff brought suit under 42 U.S.C. § 1981, thereby invoking this court's jurisdiction. For the reasons stated herein, the court GRANTS defendant's motion.

**FACTS**

Plaintiff, a white male, alleges that he has been the victim of reverse racial discrimination. According to plaintiff, Vilma Bradshaw, a black supervisor[1] employed by defendant cursed at plaintiff for failing to fix a fan. Plaintiff admits that he responded with cursing and that he never fixed the fan. Plaintiff contends that the black supervisor received no discipline but that he was fired. Defendant has now moved for summary judgment contending that plaintiff was discharged solely for his insubordination and that race was not a factor. Further facts will be disclosed as necessary for the discussion of this motion.

**DISCUSSION**

The law establishing the various burdens of proof borne by the parties to a so-called "disparate treatment" action such as the one at bar was set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Although *McDonnell Douglas* involved a suit under Title VII, the standards enunciated in that case are applicable to actions brought under 42 U.S.C. § 1981. *Crawford v. Western Elec. Co. Inc.,* 614 F.2d 1300 (5th Cir. 1980).[2]

In *McDonnell Douglas* the Supreme Court held that the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Id.,* 411 U.S. at 802, 93 S.Ct. at 1824. If plaintiff establishes this prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. *Id.* Once the employer has articulated such a reason, the burden then shifts to plaintiff to demonstrate that the reason

---

**1.** In his response to defendant's statement of Material Facts Not in Dispute plaintiff admits that he was a non-supervisory employee and that Ms. Bradshaw was a supervisor.

**2.** Fifth Circuit cases decided prior to October 1, 1981, have been adopted as binding precedent by the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

proffered is a pretext for discrimination. *Id.* at 804, 93 S.Ct. at 1825. The ultimate burden of persuasion remains with plaintiff throughout these various shifts in the burden of going forward. These principles have been reiterated by the Court in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Board of Trustees v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978); and *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978).

Defendant argues that in the instant case plaintiff cannot sustain the necessary burdens as set out in the above-cited cases. In deciding the case this court will consider each step in the three part analysis separately.

### A. *Plaintiff's Prima Facie Case*

 In addition to clarifying the allocation of the burden of proof in an employment discrimination case, *McDonnell Douglas* set forth a formula for establishing a prima facie case. This formula is not an absolute, however, and has been altered to fit the facts of particular cases. With respect to cases involving discharge for violation of work rules,[3] the plaintiff must establish that he was a member of a protected group[4] and then make a showing of some evidence to demonstrate either that he did not violate the rule or that, if he did, black employees who engaged in similar acts were not punished similarly. *Brown v. A. J. Gerrard Mfg. Co.,* 643 F.2d 273 (5th Cir.1981); *Harris v. Plastics Mfg. Co.,* 617 F.2d 438 (5th Cir.1980).

 In the present case plaintiff has simply failed to introduce any evidence which would lead to any inference of racial discrimination. In plaintiff's deposition (introduced by defendant as an attachment to its motion for summary judgment) he admits that he cussed at Ms. Bradshaw (Plaintiff's Depo., p. 22), and that he was informed by the company vice-president, Tom Van Sant, that cursing a supervisor constituted insubordination under the company policies and warranted his termination. (Plaintiff's Depo., p. 19–24). In fact, in his deposition plaintiff alleges that the company discriminates against *blacks* (Plaintiff's Depo., p. 15–16).

Indeed, plaintiff contends that his termination was prompted by an alleged personality conflict with Mr. Van Sant, who the court notes is a white male:

A: ... Tom wanted to give me the ax and get me out of there.... (Plaintiff's Depo., p. 23).

Q: It (the termination) was really due to an unsatisfactory working relationship with the vice-president, Tom Van Sant?

A: Yes sir. It was obvious he didn't like me, even at the unemployment hearing. (Plaintiff's Depo., pp. 37, 38).

Mr. Van Sant, when deposed in this matter, stated unequivocally that race was not a factor in plaintiff's discharge. (Van Sant Depo., p. 22). This evidence is uncontroverted by plaintiff. According to plaintiff, Mr. Van Sant was "out to get" plaintiff and plaintiff "wondered" in his deposition "if they didn't set Vilma (Ms. Bradshaw) up to cuss me to see if I'd cuss her back to get fired." (Plaintiff's Depo., p. 36). Whether a white male did in fact set plaintiff up to be fired is not an issue in this case. However unfair that may have been, it does not, and cannot, constitute racial discrimination.

Moreover, plaintiff has failed to introduce *any* evidence that black employees have received favorable treatment under similar situations. *Brown, supra.* Nowhere has he offered evidence that in the past management officials have had knowledge that a black hourly employee cursed a supervisor and refused to perform a work assignment, but refused to terminate the

---

3. Plaintiff admits that the articulated reason for his discharge was the fact that "it's company policy to terminate somebody's employment for cussing a supervisor." (Plaintiff's Depo., p. 27).

4. White people are protected from racial discrimination by 42 U.S.C. § 1981. *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

employee. In fact, plaintiff admits that blacks have been fired for the same infraction.

Q: Black people, do they get in trouble for cussing supervisors?

A: Yes, sir.

Q: Do you know of any examples where a Black person would have gotten fired for cussing a supervisor?

A: Yes sir. (Plaintiff's Depo., p. 40).

In addition, defendant has introduced the affidavit of Plant Manager Harold Self. He states unequivocally that no black employee has been allowed to commit actions such as those of the plaintiff and avoid termination.

In light of plaintiff's own testimony and the uncontroverted evidence of defendant's witnesses, the court holds that plaintiff has failed to make out a prima facie case of racial discrimination. Plaintiff's grievance seems to be that he was treated unfairly, that he was justified in cursing at his supervisor, that discharge was too harsh a remedy under the circumstances, and that his discharge was prompted more by Mr. Van Sant's alleged personal dislike for him than by the incident in question. Assuming the truth of all of these allegations there is still no evidence that plaintiff has been the victim of racial discrimination in violation of § 1981.

**B. Defendant's Reason and Pretext**

■ Even if the court could find that plaintiff had established a prima facie case of racial discrimination, defendant's motion for summary judgment would not necessarily be defeated. Defendant has certainly articulated a legitimate, non-discriminatory reason for the termination. According to defendant the sole reason for the plaintiff's termination was the fact that plaintiff admittedly cursed his supervisor. At this point plaintiff would have the opportunity to prove that this reason was merely a pretext for racial discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at

1825. It is uncontradicted that the plaintiff did commit the actions for which the defendant states it terminated him and that those actions did constitute grounds for his discharge. Plaintiff has simply failed to introduce any evidence to suggest that the proferred reason is pretextual.

**CONCLUSION**

The plaintiff in this case has failed to allege a prima facie case of racial discrimination. Even if such had been alleged, however, defendant's motion for summary judgment would be granted because plaintiff failed to introduce any evidence that the reason given by defendant for plaintiff's termination was a pretext for discrimination. As stated by the Eleventh Circuit:

> (T)he plaintiff, when faced with a motion for summary judgment, cannot rely on attenuated possibilities that (the finder of fact) would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a prima facie case and respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact.

*Pace v. Southern Ry. System*, 701 F.2d 1383, 1391 (11th Cir.1983).[5] Plaintiff's response to defendant's motion for summary judgment was wholly inadequate, plaintiff presented no facts or arguments in support of its case and, therefore, the court can only conclude that none exist.

Defendant's motion for summary judgment is GRANTED, thereby terminating this case.

---

5. *Pace* was an age discrimination case. However, the same standards of proof applicable in cases alleging age discrimination are applicable

in § 1981 lawsuits. *Williams v. General Motors Corp.*, 656 F.2d 120 (5th Cir.1981).